UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MUSTAFA FTEJA, Individually and on behalf of all other persons similarly situated, | ECF CASE |
| Plaintiff, | No.: _____ |
| v. | CLASS AND COLLECTIVE ACTION COMPLAINT |
| NUSRET NEW YORK LLC d/b/a Nusr-et Steakhouse and NUSRET GÖKÇE, a/k/a "The Salt Bae", Jointly and Severally, | JURY TRIAL DEMANDED |
| Defendants. | |

## NATURE OF THE ACTION

1.      Plaintiff Mustafa Fteja worked as a waiter for Defendants Nusret New York LLC d/b/a Nusr-et Steakhouse and Nusret Gökçe a/k/a "The Salt Bae" at their restaurant, Nusret, from January 18, 2018 to December 6, 2018.

2.      Plaintiff Fteja alleges on his behalf and other similarly situated current and former employees of Defendants, pursuant to Fed. R. Civ. P. 23 (a) and (b), that Defendants willfully violated the New York Labor Law by (i) failing to pay the minimum wage, (ii) failing to pay overtime premium pay; (iii) unlawfully retaining gratuities, (iv) failing to provide the Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1, and (v) failing to provide an accurate wage statement under N.Y. Lab. Law § 195.3.

3.      Plaintiff Fteja alleges on his behalf and other similarly situated current and former employees of Defendants and those who elect to opt into this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that Defendants willfully violated the FLSA by failing to (i) pay the minimum wage and (ii) pay overtime premium pay.

4.      Plaintiff Fteja asserts individual retaliation claims against Defendants

under the FLSA and Labor Law.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff Fteja's state law claims under 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff Fteja's FLSA claims under 29 U.S.C. § 216(b).

3.      Venue is proper in this district under 28 U.S.C. §1391(b)(1) and (2).

4.      This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

5.      Plaintiff Fteja was, at all relevant times, an adult individual residing on Staten Island, New York.

6.      Nusr-et Steakhouse is a foreign limited liability company, which is organized under Delaware law and is authorized to do business in the State of New York.

7.      Defendant Nusr-et Steakhouse is, upon information and belief, an enterprise engaged in commerce or in the production of goods for commerce. Defendant Nusr-et Steakhouse is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000.00. These goods and materials that have been produced for and moved in commerce, which its employees have handled, include, but are not limited to, food, beverages, computers, glassware, silverware and plates.

8.      Defendant Gökçe, upon information and belief, owns, operates and controls Defendant Nusr-et Steakhouse's day-to-day operations and management and

jointly employed Plaintiff Fteja and other similarly situated employees at all relevant times.

9.      Each Defendant, either directly or indirectly, has hired and fired Plaintiff Fteja and other employees, controlled Plaintiff Fteja's work schedule and employment conditions, determined their payment rate and method, and kept at least some records regarding their employment.

<u>STATEMENT OF FACTS</u>

10.     Nusr-et Steakhouse is a steakhouse located at 60 W. 53rd Street, New York, New York 10019. Defendants own and operate approximately 14 other Nusr-et Steakhouses around the world.

11.     The restaurant is open every day of the year for lunch and dinner.

12.     Defendant Nusret Gökçe, as owner, is regularly at the restaurant, interacting with customers and employees, instructing employees what to do, has the authority to hire and fire employees, change their pay and pay schedules, and he keeps records regarding the employees' hours worked and compensation.

<u>Duties Performed and Hours Worked</u>[1]

13.     Defendants employed Plaintiff Fteja as a waiter from January 18, 2018 until he was fired on or about December 6, 2018. He, in this capacity, was responsible for taking customers' food and beverage orders and serving them food.

14.     On any given day, Plaintiff Fteja worked with between 3 and 10 other waiters. From personally observing them and speaking with them, he knows they performed the same primary duties as him.

---

[1] These subject lines are included only for organizational purposes.

15.     Waiters are scheduled to work the lunch or dinner shift, or both. The lunch shift is, at a minimum, from 11:00 a.m. to 5:00 p.m. and the dinner shift is, at a minimum, from 5:00 p.m. to 10:30 p.m. or to when the last guest leaves, which was sometimes 1:00 a.m.

16.     For the dinner shift, Defendants required the waiters to clock in at 5:00 p.m., clock out at 5:05 p.m., take a thirty minute meal break, and then clock in again at 5:35 p.m. for the duration of the shift.

17.     Between 3 and 6 waiters work the lunch shift, and between 10-12 work the dinner shift.

18.     No meal breaks were provided during the lunch shift.

19.     Defendants normally scheduled Plaintiff Fteja to work 5 days per week and approximately one week per month 6 days.

20.     From January to April 2018, Plaintiff Fteja worked primarily the lunch shift and then, in or about April 2018, he was working primarily dinner shifts. He, in addition to these shifts, was scheduled for and worked a double shift 1-2 times per week.

21.     He regularly worked more than 40 hours under this scheduling.

22.     The following are representative examples of when he worked more than 40 hours in a week: for January 22, 2018 to February 4, 2018, 42.2 hours; for February 5, 2018 to February 11, 2018, 54.0 hours; for February 12, 2018 to February 18, 2018, 41.2 hours; for February 19, 2018 to February 25, 2018, 47.8 hours; and for May 14, 2018 to May 20, 2018, 49.3 hours.

23.     From reviewing the schedule, speaking with them and personal observations, Plaintiff Fteja knows that other waiters were, like him, regularly scheduled to work and did, in fact, work more than 40 hours in a week.

24.     Plaintiff Fteja and other waiters clocked in and out using a biometric hand scan.

25.     A heavy turnover exists with the waiters, with many quitting or getting fired.

Hourly Rate, Gratuities, and Overtime

26.     Plaintiff Fteja regularly received tips from customers.

27.     Defendants paid Plaintiff Fteja $10.85 per hour in 2018 when the minimum wage was $13.00.[2]

28.     When Plaintiff Fteja worked more than 40 hours in a week, he was paid the overtime rate of $16.28 in 2018.

29.     For employers who are paying their employees at the minimum wage and not claiming a tip credit, the minimum overtime rate is 1.5 x the statutory minimum wage: $16.50 for 2017 ($11.00 x 1.5) and $19.50 for 2018 ($13.00 x 1.5) under New York Law;[3] and $10.88 ($7.25 x 1.5) under federal law.[4]

30.     Defendants paid Plaintiff Fteja below the minimum wage because, upon information and belief, he is a tipped employee and they were availing themselves of the tip credit: the difference between the statutory minimum wage and the rate tipped employees may be paid, provided certain conditions are met. This is often referred to as the "tipped minimum wage."

31.     Defendants never informed Plaintiff Fteja or other waiters that they are taking a tip credit: they did not inform them of this verbally or on any wage statement.

---

[2] https://www.labor.ny.gov/formsdocs/wp/Part146.pdf (last visited January 15, 2019).
[3] https://www.labor.ny.gov/formsdocs/wp/Part146.pdf (last visited January 15, 2019).
[4] https://www.dol.gov/whd/minwage/chart.htm (last visited January 15, 2019).

32.    Plaintiff Fteja pooled his tips with other waiters, bartenders, baristas, host, hostess, runners, bus boys, sommelier, sushi makers and managers ("Tip Pool").

33.    At the end of each day, Plaintiff Fteja and all other waiters, hosts, bartenders and other tipped employees bring their cash tips to the cashier and management then holds the tips until the Tip Pool is paid their share of the cash and credit card tips at the end of the week.

34.    The amount each person in the Tip Pool receives in tips at the end of the day is based on a point system: depending upon their position, each employee is allocated a specific amount of points for each hour worked; for each Tip Pool employee, Defendants multiply the hours worked for that day by the points per hour, giving that employee a total amount of points for that day; Defendants aggregate the total amount of points for all Tip Pool employees for that day; Defendants divide each Tip Pool employee's points by the total number of points for the entire Tip Pool, giving each employee their representative percentage of points; Defendants multiply that percentage by the total amount in cash and credit card tips, which is the amount each Tip Pool employee receives in tips that day.

35.    The Tip Pool employees receive their tips at the end of each week.

36.    The Tip Pool employees receive the following amount of points per hour worked: bartenders 1.0 point; baristas .6 point; busboys .6 point; sushi makers .6 point; host .2 point; manager 1.1 point; runner .6 point; waiter 1.0 point; and sommelier 1.0 point.

37.    Arber Lukovic is one of the managers who was in the Tip Pool, and he had the authority to hire and fire employees and set schedules.

38.     Baristas and sushi makers do not engage in or interact with the customers; they do not regularly receive or earn tips from Defendants' customers; and they do not directly engage in customer service.

39.     Before providing the Tip Pool employees their portion of the weekly tips, Defendants deduct 3% from the credit card <u>and</u> cash tips and retain that 3%.

40.     Regardless of party size, Defendants automatically add an 18% gratuity to all checks.

41.     Defendants' customers regularly add a gratuity above and beyond the automatically added 18%.

42.     Defendants retained the gratuities that customers added above and beyond the 18% automatically added gratuity.

43.     Defendants did not inform their customers that they were retaining any portion of the automatic gratuity. Customers reasonably believed 100% of the gratuity was being remitted to the waiters and other serving staff.

44.     From speaking with them, Plaintiff Fteja knows that other waiters, like him, were paid at the tipped minimum wage, were not informed Defendants' were taking a tip credit and did not receive 100% of their tips.

<u>Labor Law Notice Violations</u>

45.     Defendants did not provide Plaintiff Fteja or the other waiters the Notice and Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1 when they were hired or at any point in their employment.

46.     Plaintiff Fteja and other waiters' pay stubs do not state Defendants are claiming a tip credit against the minimum wage.

Retaliation

47.     Arber Lukovic (Manager) held daily pre-shift meetings with the Tip Pool and all other managers to discuss a variety of topics, during which Plaintiff Fteja and other waiters, including Suleiman Kuçur, Ojnur Usluca, Batuhan M. Yunkus and Yunus Delimehmet, complained to management about the restaurant keeping some of their tips.

48.     Between August and November, Defendants have systematically fired each waiter who complained about not getting paid tips.

49.     On November 22, 2018, Defendants suspended Plaintiff Fteja and then fired him on December 6, 2018.

50.     No legitimate, non-retaliatory reason exists for Defendants suspending and firing him; Defendants suspended and fired Plaintiff Fteja for complaining about Defendants keeping some of his tips.

51.     Amongst the waiters in the Tip Pool, Defendants allocated more tips to the waiters who did not complain about Defendants retaining some of the tips.

CLASS ACTION ALLEGATIONS

52.     Plaintiff Fteja assert these allegations and claims on his own and on behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3):

> All persons whom Defendants employ and have employed who were wait staff and other comparable tipped positions with different titles, including "waiter," "waitress," "runner" or "server" at any time since January 15, 2013 to the entry of judgment in this case (the "Class Period"), who were non-exempt employees under the New York Labor Law (the "Class Members").

53.     The Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within Defendants' sole control, upon information and belief, more than 50 Class Members exist.

54.     Plaintiff Fteja's claims are typical of the Class Members', and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

55.     Defendants have acted or refused to act on grounds generally applicable to the Class Members, making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class Members.

56.     Plaintiff Fteja is committed to pursuing this action and has retained competent counsel experienced in employment law, wage and hour law, and class action litigation.

57.     Plaintiff Fteja has the same interest in this matter as all other Class Members and his claims are typical of Class Members'.

58.     Common questions of law and fact exist as to the Class Members that predominate over any questions solely affecting the individual Class Members, including but not limited to:

a.      whether Defendants employed Plaintiff Fteja and the Class Members, individually or jointly, within the meaning of the Labor Law;

b.      whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff Fteja and the Class Members;

c.      what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d.      whether Defendants failed or refused to pay the Class Members minimum wages and overtime premium pay for all hours worked in excess of forty (40) hours per workweek;

e.      whether Defendants gave the Class Members proper notice of the "tip credit" as 12 N.Y.C.R.R. §§ 146-1.3 and -2.2 requires;

f.      whether Defendants can avail themselves of the tip credit and pay the Class Members at the tipped minimum wage;

g.      whether Defendants maintained adequate records of the tips that the Class Members received;

h.      whether Defendants failed to provide the Class Members with wage statements specifying the amount of tip credit deducted from their wages;

i.      whether Defendants withheld tips or gratuities under the Labor Law, violating N.Y. LABOR LAW § 196-d;

j.      whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided under the Labor Law in any area where Plaintiff Fteja and the Class Members are employed;

k.      whether Defendants are liable for all damages claimed hereunder, including but not limited to, interest, costs and disbursements and attorneys' fees; and

l.      whether Defendants should be enjoined from such violations of the Labor Law in the future.

<u>COLLECTIVE ACTION ALLEGATIONS</u>

59.      Under 29 U.S.C. § 206, Plaintiff Fteja seeks to assert these allegations and claims as a collective action:

> All persons whom Defendants employ and have employed who were wait staff and other comparable tipped positions with different titles, including

"waiter," "waitress," "runner" or "server" at any time since January 15, 2016 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees under the FLSA (the "Collective Action Members").

60.     Plaintiff Fteja and the Collective Action Members are similarly situated on several legal and factual issues, including:

        a.     Defendants employed the Collective Action Members;

        b.     Collective Action Members performed similar duties;

        c.     Defendants failed to keep true and accurate time records for all hours Plaintiff Fteja and the Collective Action Members worked;

        d.     Defendants willfully or recklessly violated the FLSA;

        e.     Defendants failed to pay the Collective Action Members minimum wages and overtime compensation for hours worked in excess of forty (40) hours per workweek at the proper rate, violating the FLSA and the regulations promulgated thereunder;

        f.     Defendants improperly withheld tips and gratuities, violating 29 U.S.C. § 203(m);

        g.     Defendants are not entitled to avail themselves of the "tip credit" for unlawfully retaining the tips and failing to properly inform the Collective Action Members of the "tip credit";

        h.     Defendants should be enjoined from such violations of the FLSA in the future; and

        i.     The statute of limitations should be estopped or equitably tolled due to Defendants' statutory violations.

## FIRST CAUSE OF ACTION
### FAILURE TO PAY THE MINIMUM WAGE UNDER THE FLSA
#### (On Behalf of Plaintiff Fteja and the Collective Action Members)

61.     Plaintiff Fteja realleges every preceding allegation as if set forth fully herein.

62.     Plaintiff Fteja consents in writing to be a party to this action under 29 U.S.C. §216(b), which is attached to this Complaint and incorporated by reference.

63.     Defendants employed, and/or continue to employ, Plaintiff Fteja and the Collective Action Members under the FLSA.

64.     Defendants knowingly failed to pay Plaintiff Fteja and the Collective Action Members the minimum wages to which they were entitled under the FLSA.

65.     Defendants were required to pay Plaintiff Fteja and the Collective Action Members the full minimum wage rate for all hours worked.

66.     Defendants were not permitted to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. § 203(m) and 29 C.F.R. § 531.59, because Defendants failed to inform Plaintiff Fteja and the Collective Action Members of the provisions of the FLSA, 29 U.S.C. § 203(m), and Defendants retained a portion of Plaintiff Fteja and the Collective Action Members' tips.

67.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies under 29 U.S.C. § 255 and should be equitably tolled between the filing of this lawsuit and when the Court conditionally certifies the collective action.

68.     As a result of Defendants' FLSA violations, Plaintiff Fteja and the Collective Action Members have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to

recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation under 29 U.S.C. § 216(b), and such other legal and equitable relief as this Court deems just and proper.

SECOND CAUSE OF ACTION
FAILURE TO PAY OVERTIME PREMIUM PAY UNDER THE FLSA
(On Behalf of Plaintiff Fteja and the Collective Action Members)

69.     Plaintiff Fteja realleges every preceding allegation as if set forth fully herein.

70.     Defendants have been and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce under the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

71.     Defendants were required to pay Plaintiff Fteja and the Collective Action Members no less than one and one-half (1.5) times the regular rate at which they were employed for all hours worked in excess of forty (40) hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

72.     Under the FLSA, when paying tipped employees for hours they worked over 40 in a week, an employer is required to multiply the regular rate of pay by one and one-half and then subtract the tip credit.

73.     When paying Plaintiff Fteja and the Collective Action Members for any hour they worked over 40 in a week, Defendants first subtracted the tip credit from the minimum wage and then multiplied the reduced rate by one and one-half, violating the FLSA.

74.     Because Defendants are not permitted to claim a tip credit, they are required to pay Plaintiff Fteja and the Collective Action Members overtime at a rate of the statutory minimum wage x 1.5.

75.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff Fteja and the Collective Action Members the proper overtime compensation to their employees for their hours worked in excess of forty (40) hours per workweek.

76.     Defendants were aware or should have been aware that the practices described in this Complaint were unlawful, making their violations willful or reckless.

77.     Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiff Fteja and the Collective Action Members' compensation.

78.     Defendants have failed to make, keep and preserve records with respect to their employees sufficient to determine the wages, hours, and other conditions and practices of employment, violating the FLSA, 29 U.S.C. §§ 201, 207(a)(1) and 215(a).

<u>THIRD CAUSE OF ACTION</u>
FAILURE TO PAY THE MINIMUM WAGE
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Fteja and the Class Action Members)

79.     Plaintiff Fteja realleges every preceding allegation as if set forth fully herein.

80.     Defendants are "employers" under N.Y. LAB. LAW §§ 190, 196-d, 651(5), 652 and supporting New York Statement Department of Labor Regulations and employed Plaintiff Fteja and the Class Members.

81.     The wage payment provisions of Article 6 of the Labor Law and supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff Fteja and the Class Members.

82.     Under the Labor Law and supporting New York Statement Department of Labor Regulations, Defendants were required to pay Plaintiff Fteja and the Class Members the statutory minimum wage.

83.     Upon information and belief, Defendants failed to post, in a conspicuous place upon their premises a notice issued by the New York State Department of Labor summarizing minimum wage provisions, violating the Labor Law and supporting New York State Department of Labor Regulations. 12 N.Y.C.R.R. § 137-2.3, *et seq.*

84.     Upon information and belief, Defendants failed to furnish Plaintiff Fteja and the Class Members a statement with every wage payment listing allowances taken, particularly the tip credit, violating the Labor Law and supporting New York State Department of Labor Regulations. 12 N.Y.C.R.R. § 137-2.2, *et seq.*

85.     Defendants paid the Class Members below the statutory minimum wage at the "tipped minimum wage."

86.     Defendants were not eligible to avail themselves of the Labor Law tipped minimum wage rate under 12 N.Y.C.C.R.R. §§ 137-2.1, 2.2 because Defendants failed to inform Plaintiff Fteja and the Class Action Members of the provisions of Labor Law's tip credit provisions, and Defendants retained a portion of Plaintiff Fteja and the Class Action Members' tips.

87.     Defendants are accordingly liable to Plaintiff Fteja and the Class Action Members the difference between the hourly rate at which they paid them and the statutory minimum wage.

88.     Defendants have willfully violated the Labor Law by knowingly and intentionally failing to pay the Class Members the minimum wage.

89.     Due to Defendants' Labor Law violations, Plaintiff Fteja and the Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

FOURTH CAUSE OF ACTION
FAILURE TO PAY THE OVERTIME PREMIUM PAY
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Fteja and the Class Action Members)

90.     Plaintiff Fteja realleges every preceding allegation as if set forth fully herein.

91.     Under the Labor Law and supporting New York Statement Department of Labor Regulations, Defendants were required to pay Plaintiff Fteja and the Class Members one and one-half (1.5) times their regular rate of pay for all hours they worked in excess of forty (40) per workweek.

92.     Defendants failed to pay the Class Members the overtime wages to which they were entitled, violating N.Y. LAB LAW § 650 and Part 142, § 142-2.2 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act.

93.     Under the Labor Law, when paying tipped employees for hours they worked over 40 in a week, an employer is required to multiply the regular rate of pay by one and one-half and then subtract the tip credit.

94.     When paying Plaintiff Fteja and the Class Members for any hour they worked over 40 in a week, Defendants first subtracted the tip credit from the minimum wage and then multiplied the reduced rate by one and one-half, violating the Labor Law.

95.     Because Defendants are not permitted to claim a tip credit, they are required to pay Plaintiff Fteja and the Class Members overtime at a rate of the statutory minimum wage x 1.5.

96.     Defendants willfully violated the Labor Law by knowingly and intentionally failing to pay the Class Members the correct amount of overtime wages.

97.     Due to Defendants' Labor Law violations, Plaintiff Fteja and the Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

FIFTH CAUSE OF ACTION
UNLAWFULLY RETAINED GRATITUTIES
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Fteja and the Class Action Members)

98.     Plaintiff Fteja realleges every preceding allegation as if set forth fully herein.

99.     Defendants have willfully violated N.Y. LAB. LAW § 196-d by unlawfully retaining a portion of the gratuities that should be remitted to the Class Members.

100.    Due to Defendants' violations of the Labor Law, Plaintiff Fteja and the Class Members are entitled to recover from Defendants their unlawfully retained gratuities, statutory liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

SIXTH CAUSE OF ACTION
FAILURE TO PROVIDE 195.1 NOTICE UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Fteja and the Class Action Members)

101.    Plaintiff Fteja realleges every preceding allegation as if set forth fully herein.

102.    Defendants have willfully failed to supply Plaintiff Fteja and the Class Members with the required Notice and Acknowledgement of Pay Rate and Payday under N.Y. LAB. LAW § 195.1(a) within ten business days of their first employment date.

103.    Due to Defendants' violations of N.Y. LAB. LAW § 195.1 through February 26, 2015, Plaintiff Fteja and the Class Members are entitled to recover from Defendants $50.00 for each work week that the violations occurred or continue to occur, or a total of $2,500.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. LAB. LAW Lab. Law § 198(1)-b (2014).

104.    Due to Defendants' violations of N.Y. LAB. LAW § 195.1 on or after February 27, 2015, Plaintiff Fteja and the Class Members are entitled to recover from Defendants $50.00 for each work day that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. LAB. LAW § 198(1)-b (2016).

**SEVENTH CAUSE OF ACTION**
**FAILURE TO PROVIDE 195.3 WAGE STATEMENT**
**UNDER THE NEW YORK LABOR LAW**
(On Behalf of Plaintiff Fteja and the Class Action Members)

105.    Plaintiff Fteja realleges every preceding allegation as if set forth fully herein.

106.    The wage statements Defendants provided Plaintiff Fteja and the Class Members did not state any tip credit Defendants are claiming against the minimum wage, violating N.Y. LAB. LAW § 195.3.

107.    Due to Defendants' violations of N.Y. LAB. LAW § 195.3 through February 26, 2015, Plaintiff Fteja and the Class Members are entitled to recover from Defendants $100.00 for each work week that the violations occurred or continue to occur, or a total of $2,500.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. LAB. LAW § 198(1)-d (2014).

108.    Due to Defendants' violations of N.Y. LAB. LAW § 195.3 on or after February 27, 2015, Plaintiff Fteja and the Class Members are entitled to recover from

Defendants $250.00 for each work day that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. LAB. LAW § 198(1)-d (2016).

EIGHTH CAUSE OF ACTION<br>RETALIATION UNDER THE FLSA

109.    Plaintiff Fteja realleges every preceding allegation as if set forth fully herein.

110.    Plaintiff Fteja is an employee under 29 U.S.C. § 215(a)(3).

111.    Defendants are employers under 29 U.S.C. § 215(a)(3).

112.    Plaintiff Fteja's complaints about Defendants keeping some of his tips constitutes protected activity under the FLSA.

113.    Defendants fired Plaintiff Fteja for complaining about them keeping some of his tips, violating 29 U.S.C. § 215(a)(3).

114.    Because he complained about them retaining some of his tips, Defendants gave Plaintiff Fteja less tips than the waiters who did not complain about Defendants retaining tips, violating 29 U.S.C. § 215(a)(3).

115.    Due to Defendants' violations of the FLSA, Plaintiff Fteja is entitled to recover from Defendants compensatory damages, punitive damages, reasonable attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

NINTH CAUSE OF ACTION<br>RETALIATION UNDER THE LABOR LAW

116.    Plaintiff Fteja realleges every preceding allegation as if set forth fully herein.

117.    Plaintiff Fteja is an employee under N.Y. Lab. Law § 215.

118.    Defendants are employers under N.Y. Lab. Law § 215.

119.    Plaintiff Fteja's complaints about Defendants keeping some of his tips constitutes protected activity under the Labor Law.

120.    Defendants fired Plaintiff Fteja for complaining about them keeping some of his tips, violating N.Y. Lab. Law § 215.

121.    Because he complained about them retaining some of his tips, Defendants gave Plaintiff Fteja less tips than the waiters who did not complain about Defendants retaining tips, violating N.Y. Lab. Law § 215.

122.    Due to Defendants' violations of the Labor Law, Plaintiff Fteja is entitled to recover from Defendants punitive damages, reasonable attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Fteja, on his behalf and the Class and Collective Action Members, respectfully requests this Court grant the following relief:

a.    Certifying this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Class Members and appointing Plaintiff Fteja and his counsel to represent the Class Members;

b.    Designating this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice under 29 U.S.C. § 216(b) to all similarly situated members of an FLSA opt-in collective action, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue under 29 U.S.C. § 216(b) and appointing Plaintiff Fteja and his counsel to represent the Collective Action Members and tolling of the statute of limitations;

c.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the Labor Law;

d.      An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e.      An award for unpaid minimum wage under the Labor Law and the FLSA;

f.      An award for unpaid overtime premium pay under the Labor Law and the FLSA;

g.      An awarded for unlawfully retained gratuities under the Labor Law and the FLSA;

h.      An award for failing to provide the N.Y. LAB. LAW § 195.1 Notice;

i.      An award for failing to provide the N.Y. Lab. Law § 195.3 Wage Statements;

j.      An award of liquidated damages as a result of Defendants' Labor Law violations;

k.      An award of liquidated damages as a result of Defendants' willful FLSA violations;

a.      An award of compensatory damages and punitive damages under the Labor Law and FLSA for Defendants' retaliatory conduct.

b.      Equitably tolling the statute of limitations under the FLSA;

c.      An award of pre-judgment and post-judgment interest;

    d.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

    e.  Such other and further relief as this Court deems just and proper.

DEMAND FOR TRIAL BY JURY

  Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Fteja demands a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
   January 15, 2019

        LIPSKY LOWE LLP


        s/ Douglas B. Lipsky
        Douglas B. Lipsky
        Christopher H. Lowe
        630 Third Avenue, Fifth Floor
        New York, New York 10017-6705
        Tel: 212.392.4772
        Fax: 212.444.1030
        doug@lipskylowe.com
        chris@lipskylowe.com

## CONSENT TO BECOME PARTY PLAINTIFF

1.   I   consent   to   be   a   party   plaintiff   in   a   lawsuit   against
_Justei New York LLC et al._ and/or related entities and individuals in order to
seek redress for violations of the Fair Labor Standards Act, 29 U.S.C. § 216(b) and/or
state law.

2.       By signing and returning this consent form, I hereby designate Lipsky
Lowe LLP to represent me in this lawsuit and to make decisions on my behalf concerning
the litigation and any settlement.   I also authorize the representative plaintiffs and
designate them class representatives as my agents to make decisions on my behalf
concerning the litigation, the method and manner of conducting this litigation, the
entering of an agreement with Lipsky Lowe LLP concerning attorneys' fees and costs,
and all other matters pertaining to this lawsuit.  I agree to be bound by any adjudication
of this action by a court, whether it is favorable or  unfavorable.


_Mustafa Fteja_                                    _12-19-2018_
Signature                                                         Date


_MUSTAPA FTEJA_
Print Name