UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

MUSTAFA FTEJA, Individually and on behalf of all
other persons similarly situated,

                            Plaintiff,

                v.

NUSRET NEW YORK LLC d/b/a Nusr-et
Steakhouse and NUSRET GÖKÇE, a/k/a
"The Salt Bae", Jointly and Severally,

                          Defendants.

-------------------------------------------------------------------- x

Case No. 19-cv-429-LGS

**ANSWER AND
AFFIRMATIVE DEFENSES
TO CLASS AND
COLLECTIVE
ACTION COMPLAINT**

Defendants Nusret New York LLC d/b/a Nusr-et Steakhouse (the "Restaurant" or the "Company") and Nusret Gökçe ("Chef Gökçe") (the Restaurant and Chef Gökçe are collectively referred to herein as "Defendants"), for their Answer and Affirmative Defenses to the Class and Collective Action Complaint (the "Complaint") of the Plaintiff ("Plaintiff"), Mustafa Fteja, state and allege as follows:

## RESPONSE TO NATURE OF THE ACTION

1.     Defendants deny the allegations contained in paragraph 1 of the Complaint, except the Restaurant admits that Plaintiff worked at the Restaurant as a waiter beginning on or about January 26, 2018 until he quit his employment on or about December 6, 2018.

2.     Defendants deny the allegations contained in paragraph 2 of the Complaint.

3.     Defendants deny the allegations set forth in paragraph 3(i) of the Complaint.[1]

4.     Defendants deny the allegations set forth in paragraph 4(i) of the Complaint.

---

[1]     The Complaint contains two paragraphs each enumerated 3, 4 and 5. For reference herein, the first paragraphs 3, 4 and 5 will be referred to herein as paragraphs 3(i), 4(i) and 5(i) and the second paragraphs 3, 4, and 5 will be referred to as paragraphs 3(ii), 4(ii) and 5(ii).

7865/10/7574997.v1

## RESPONSE TO JURISDICTION AND VENUE

5.      The allegations set forth in paragraph 5(i) of the Complaint constitute legal conclusions to which no response is required.

6.      The allegations set forth in paragraph 3(ii) of the Complaint constitute legal conclusions to which no response is required.

7.      The allegations set forth in paragraph 4(ii) of the Complaint constitute legal conclusions to which no response is required.

## RESPONSE TO THE PARTIES

8.      Defendants deny having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 5(ii) of the Complaint.

9.      Defendants admit the allegations contained in paragraph 6 of the Complaint.

10.     The allegations set forth in paragraph 7 of the Complaint constitute legal conclusions to which no response is required.

11.     Defendants deny the allegations contained in paragraph 8 of the Complaint.

12.     Defendants deny the allegations contained in paragraph 9 of the Complaint, except the Restaurant admits that it hired Plaintiff, controlled Plaintiff's work schedule and employment conditions, determined his payment rate and method, and kept at least some records regarding his employment.

## RESPONSE TO STATEMENT OF FACTS

13.     Defendants deny the allegations contained in paragraph 10 of the Complaint, except admit that the Restaurant is located at 60 W. 53rd Street, New York, New York 10019.

14.     Defendants admit the allegations contained in paragraph 11 of the Complaint.

15.     Defendants deny the allegations contained in paragraph 12 of the Complaint.

7865/10/7574997.v1

16.     Defendants deny the allegations contained in paragraph 13 of the Complaint, except the Restaurant admits that Plaintiff worked at the Restaurant as a waiter beginning on or about January 26, 2018 until he quit his employment on or about December 6, 2018.

17.     Defendants deny having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 14 of the Complaint, except admit that Plaintiff, along with other waiters, worked at the Restaurant.

18.     Defendants deny the allegations set forth in paragraph 15 of the Complaint, except admit that Plaintiff was scheduled to work the lunch or dinner shift, or sometimes both.

19.     Defendants deny the allegations contained in paragraph 16 of the Complaint, except admit that when working a dinner shift Plaintiff was asked by the Restaurant to clock in upon arrival and clock out soon thereafter for a meal break of a minimum of thirty (30) minutes before clocking back in to work.

20.     Defendants deny the allegations contained in paragraph 17 of the Complaint.

21.     Defendants deny the allegations contained in paragraph 18 of the Complaint.

22.     Defendants deny the allegations contained in paragraph 19 of the Complaint.

23.     Defendants deny the allegations contained in paragraph 20 of the Complaint, except admit that between January 26, 2018 through May 2018 Plaintiff worked for the Restaurant more lunch shifts than dinner shifts and between May 2018 and December 6, 2018 Plaintiff worked for the Restaurant more dinner shifts than lunch shifts; Plaintiff also would sometimes work double shifts for the Restaurant.

24.     Defendants deny the allegations contained in paragraph 21 of the Complaint, except the Restaurant admits that over the course of 48 weeks during which Plaintiff worked for the Restaurant, Plaintiff worked more than 40 hours in a given week 11 times.

25.    Defendant denies the allegations contained in paragraph 22 of the Complaint.

26.    Defendants deny having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 23 of the Complaint, except the Restaurant admits that sometimes waiters worked more than 40 hours in a given week.

27.    Defendants admit the allegations contained in paragraph 24 of the Complaint.

28.    Defendants deny the allegations contained in paragraph 25 of the Complaint.

29.    Defendants deny the allegations contained in paragraph 26 of the Complaint, except admit that Plaintiff regularly received tips in connection with his participation in a lawful tip pool at the Restaurant.

30.    Defendants deny the allegations contained in paragraph 27 of the Complaint, except admit that the Restaurant paid Plaintiff straight time pay at the applicable tip credit minimum wage for hours worked in a given week 40 or fewer.

31.    Defendants deny the allegations contained in paragraph 28 of the Complaint.

32.    The allegations set forth in paragraph 29 of the Complaint constitute legal conclusions to which no response is required.

33.    Defendants deny the allegations contained in paragraph 30 of the Complaint, except admit that the Restaurant paid Plaintiff straight time pay at the applicable tip credit minimum wage for hours worked in a given week fewer than 40.

34.    Defendants deny the allegations contained in paragraph 31 of the Complaint.

35.    Defendants deny the allegations contained in paragraph 32 of the Complaint, except admit that Plaintiff participated in a lawful tip pool with other tip eligible Restaurant employees.

36.    Defendants deny the allegations contained in paragraph 33 of the Complaint.

7865/10/7574997.v1

37.     Defendants deny the allegations contained in paragraph 34 of the Complaint, except admit that tip pool distributions at the Restaurant are based on a point system accounting for positions held and hours worked.

38.     Defendants deny the allegations contained in paragraph 35 of the Complaint, except admit that Plaintiff received his share of the tip pool, along with his wages paid by the Restaurant, in the form of weekly checks.

39.     Defendants deny the allegations contained in paragraph 36 of the Complaint.

40.     Defendants deny the allegations contained in paragraph 37 of the Complaint.

41.     Defendants deny the allegations contained in paragraph 38 of the Complaint.

42.     Defendants deny the allegations contained in paragraph 39 of the Complaint.

43.     Defendants deny the allegations contained in paragraph 40 of the Complaint.

44.     Defendants deny the allegations contained in paragraph 41 of the Complaint.

45.     Defendants deny the allegations contained in paragraph 42 of the Complaint.

46.     Defendants deny the allegations contained in paragraph 43 of the Complaint.

47.     Defendants deny the allegations contained in paragraph 44 of the Complaint.

48.     Defendants deny the allegations contained in paragraph 45 of the Complaint.

49.     Defendants deny the allegations contained in paragraph 46 of the Complaint.

50.     Defendants deny the allegations contained in paragraph 47 of the Complaint.

51.     Defendants deny the allegations contained in paragraph 48 of the Complaint.

52.     Defendants deny the allegations contained in paragraph 49 of the Complaint, except the Restaurant admits that on or about November 21, 2018 the Restaurant suspended Plaintiff's employment for his violation of Company policy with regard to handling cash, and that Plaintiff quit his employment with the Restaurant on or about December 6, 2018.

53.     Defendants deny the allegations contained in paragraph 50 of the Complaint.

54.     Defendants deny the allegations contained in paragraph 51 of the Complaint.

## RESPONSE TO CLASS ACTION ALLEGATIONS

55.     The statements set forth in paragraph 52 of the Complaint are not factual allegations to which a response is required.

56.     The allegations set forth in paragraph 53 of the Complaint constitute legal conclusions to which no response is required.

57.     The allegations set forth in paragraph 54 of the Complaint constitute legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations.

58.     The allegations set forth in paragraph 55 of the Complaint constitute legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations.

59.     Defendants deny having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 56 of the Complaint.

60.     The allegations set forth in paragraph 57 of the Complaint constitute legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations.

61.     The allegations set forth in paragraph 58 of the Complaint constitute legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations.

7865/10/7574997.v1

## RESPONSE TO COLLECTIVE ACTION ALLEGATIONS

62.     The statements set forth in paragraph 59 of the Complaint are not factual allegations to which a response is required.

63.     The allegations set forth in paragraph 60 of the Complaint constitute legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations.

## RESPONSE TO FIRST CAUSE OF ACTION
## FAILURE TO PAY THE MINIMUM WAGE UNDER THE FLSA

64.     Defendants repeat and reallege their responses to the preceding paragraphs as if fully set forth herein.

65.     The statements set forth in paragraph 62 of the Complaint are not factual allegations to which a response is required.

66.     The allegations set forth in paragraph 63 of the Complaint constitute legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations, except Restaurant admits that Restaurant employed Plaintiff until Plaintiff quit his employment on December 6, 2018.

67.     Defendants deny the allegations contained in paragraph 64 of the Complaint.

68.     Defendants deny the allegations contained in paragraph 65 of the Complaint.

69.     Defendants deny the allegations contained in paragraph 66 of the Complaint.

70.     Defendants deny the allegations contained in paragraph 67 of the Complaint.

71.     Defendants deny the allegations contained in paragraph 68 of the Complaint.

7865/10/7574997.v1

**RESPONSE TO SECOND CAUSE OF ACTION**
**FAILURE TO PAY OVERTIME PREMIUM PAY UNDER THE FLSA**

72.     Defendants repeat and reallege their responses to the preceding paragraphs as if fully set forth herein.

73.     The allegations set forth in paragraph 70 of the Complaint constitute legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations.

74.     The allegations set forth in paragraph 71 of the Complaint constitute legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations, except Restaurant admits that Restaurant paid Plaintiff one and one-half (1.5) times the regular rate of pay, less the applicable tip credit, for hours worked in excess of forty (40) in a given workweek, pursuant to applicable law.

75.     The allegations set forth in paragraph 72 of the Complaint constitute legal conclusions to which no response is required.

76.     Defendants deny the allegations contained in paragraph 73 of the Complaint.

77.     Defendants deny the allegations contained in paragraph 74 of the Complaint.

78.     Defendants deny the allegations contained in paragraph 75 of the Complaint.

79.     Defendants deny the allegations contained in paragraph 76 of the Complaint.

80.     Defendants deny the allegations contained in paragraph 77 of the Complaint.

81.     Defendants deny the allegations contained in paragraph 78 of the Complaint.

**RESPONSE TO THIRD CAUSE OF ACTION**
**FAILURE TO PAY THE MINIMUM WAGE UNDER THE NEW YORK LABOR LAW**

82.     Defendants repeat and reallege their responses to the preceding paragraphs as if fully set forth herein.

7865/10/7574997.v1

83.     The allegations set forth in paragraph 80 of the Complaint constitute legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations, except Restaurant admits that Restaurant employed Plaintiff.

84.     The allegations set forth in paragraph 81 of the Complaint constitute legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations.

85.     The allegations set forth in paragraph 82 of the Complaint constitute legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations.

86.     Defendants deny the allegations contained in paragraph 83 of the Complaint.

87.     Defendants deny the allegations contained in paragraph 84 of the Complaint.

88.     Defendants deny the allegations contained in paragraph 85 of the Complaint, except Restaurant admits that Restaurant paid Plaintiff the statutory tip credit minimum wage.

89.     Defendants deny the allegations contained in paragraph 86 of the Complaint.

90.     Defendants deny the allegations contained in paragraph 87 of the Complaint.

91.     Defendants deny the allegations contained in paragraph 88 of the Complaint.

92.     Defendants deny the allegations contained in paragraph 89 of the Complaint.

**RESPONSE TO FOURTH CAUSE OF ACTION**
**FAILURE TO PAY THE OVERTIME PREMIUM PAY**
**UNDER THE NEW YORK LABOR LAW**

93.     Defendants repeat and reallege their responses to the preceding paragraphs as if fully set forth herein.

94.     The allegations set forth in paragraph 91 of the Complaint constitute legal conclusions to which no response is required.  To the extent any response is required, Defendants

deny the allegations, except Restaurant admits that Restaurant paid Plaintiff one and one-half (1.5) times the regular rate of pay, less the applicable tip credit, for hours worked in excess of forty (40) in a given workweek, pursuant to applicable law.

95.     Defendants deny the allegations contained in paragraph 92 of the Complaint.

96.     The allegations set forth in paragraph 93 of the Complaint constitute legal conclusions to which no response is required.

97.     Defendants deny the allegations contained in paragraph 94 of the Complaint.

98.     Defendants deny the allegations contained in paragraph 95 of the Complaint.

99.     Defendants deny the allegations contained in paragraph 96 of the Complaint.

100.     Defendants deny the allegations contained in paragraph 97 of the Complaint.

## RESPONSE TO FIFTH CAUSE OF ACTION
## UNLAWFULLY RETAINED GRATUITIES UNDER THE NEW YORK LABOR LAW

101.     Defendants repeat and reallege their responses to the preceding paragraphs as if fully set forth herein.

102.     Defendants deny the allegations contained in paragraph 99 of the Complaint.

103.     Defendants deny the allegations contained in paragraph 100 of the Complaint.

## RESPONSE TO SIXTH CAUSE OF ACTION
## FAILURE TO PROVIDE 195.1 NOTICE UNDER THE NEW YORK LABOR LAW

104.     Defendants repeat and reallege their responses to the preceding paragraphs as if fully set forth herein.

105.     Defendants deny the allegations contained in paragraph 102 of the Complaint.

106.     Defendants deny the allegations contained in paragraph 103 of the Complaint.

107.     Defendants deny the allegations contained in paragraph 104 of the Complaint.

**RESPONSE TO SEVENTH CAUSE OF ACTION**
**FAILURE TO PROVIDE 195.3 WAGE STATEMENT**
**UNDER THE NEW YORK LABOR LAW**

108.    Defendants repeat and reallege their responses to the preceding paragraphs as if fully set forth herein.

109.    Defendants deny the allegations contained in paragraph 106 of the Complaint.

110.    Defendants deny the allegations contained in paragraph 107 of the Complaint.

111.    Defendants deny the allegations contained in paragraph 108 of the Complaint.

**RESPONSE TO EIGHTH CAUSE OF ACTION**
**RETALIATION UNDER THE FLSA**

112.    Defendants repeat and reallege their responses to the preceding paragraphs as if fully set forth herein.

113.    The allegations set forth in paragraph 110 of the Complaint constitute legal conclusions to which no response is required.

114.    The allegations set forth in paragraph 111 of the Complaint constitute legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations, except Restaurant admits that Restaurant was Plaintiff's employer.

115.    The allegations set forth in paragraph 112 of the Complaint constitute legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations.

116.    Defendants deny the allegations contained in paragraph 113 of the Complaint.

117.    Defendants deny the allegations contained in paragraph 114 of the Complaint.

118.    Defendants deny the allegations contained in paragraph 115 of the Complaint.

**RESPONSE TO NINTH CAUSE OF ACTION**
**RETALIATION UNDER THE LABOR LAW**

119.    Defendants repeat and reallege their responses to the preceding paragraphs as if fully set forth herein.

120.    The allegations set forth in paragraph 117 of the Complaint constitute legal conclusions to which no response is required.

121.    The allegations set forth in paragraph 118 of the Complaint constitute legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations, except Restaurant admits that Restaurant was Plaintiff's employer.

122.    Defendants deny the allegations contained in paragraph 119 of the Complaint.

123.    Defendants deny the allegations contained in paragraph 120 of the Complaint.

124.    Defendants deny the allegations contained in paragraph 121 of the Complaint.

125.    Defendants deny the allegations contained in paragraph 122 of the Complaint.

**AFFIRMATIVE AND OTHER DEFENSES**

Defendants assert the following affirmative defenses without assuming any burden of production or proof that they would not otherwise have.

**FIRST AFFIRMATIVE DEFENSE**

126.    The Complaint fails to state a cause of action upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

127.    Plaintiff's claims brought on behalf of the putative class and collective, or some of them, in whole or in part, may not be litigated in court because some or all of said claims are subject to individual, mandatory, final and binding arbitration.

7865/10/7574997.v1

## THIRD AFFIRMATIVE DEFENSE

128.    Any damages purportedly suffered by Plaintiff are a result of his own action or inaction and/or negligence, or the negligence of third parties beyond Defendants' control.

## FOURTH AFFIRMATIVE DEFENSE

129.    Plaintiff's claims are barred by the equitable doctrines of waiver, laches, estoppel and unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

130.    Plaintiff's claims are barred in whole or in part by the applicable statute of limitations pursuant to 29 U.S.C §§ 255-256 and/or New York Labor Law.

## SIXTH AFFIRMATIVE DEFENSE

131.    Defendants, at all times, and in all manners, acted in accordance with any and all duties and obligations Defendants may have had under the FLSA and/or New York Labor Law.

## SEVENTH AFFIRMATIVE DEFENSE

132.    Plaintiff's claims for liquidated damages are barred, in whole or in part, because all actions taken by Defendants were undertaken and in good faith and with reasonable grounds for believing such actions were not in violation of Federal and New York Law.

## EIGHTH AFFIRMATIVE DEFENSE

133.    Any recovery by Plaintiff should be limited to the extent Plaintiff has failed to mitigate any of the damages alleged in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

134.    Plaintiff's claims are barred to the extent that Plaintiff seeks to assert claims on behalf of other individuals who are not similarly situated for purposes of the FLSA with respect to matters alleged in the Complaint.

7865/10/7574997.v1

## TENTH AFFIRMATIVE DEFENSE

135.   The Court should not exercise supplemental jurisdiction over the counts in the Complaint that purport to arise under New York State Law.

## ELEVENTH AFFIRMATIVE DEFENSE

136.   Plaintiff cannot establish the requirements of Rule 23 of the Federal Rules of Civil Procedure for a class action for claims under the N.Y. Labor Law and New York State Department of Labor Regulations.

## TWELFTH AFFIRMATIVE DEFENSE

137.   Plaintiff lacks standing to bring the proposed collective action under the FLSA and class action under Rule 23 of the Federal Rules of Civil Procedure.

## THIRTEENTH AFFIRMATIVE DEFENSE

138.   This Court lacks subject matter jurisdiction over some or all of the claims asserted by Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

139.   Plaintiff is not entitled to some or all of the relief sought under the doctrine of consent.

## FIFTEENTH AFFIRMATIVE DEFENSE

140.   Defendants state, in the alternative, if necessary, that any actions taken with respect to Plaintiff and any similarly situated individuals were taken in good faith in conformity with and in reliance on a written administrative regulation, order, ruling, approval, interpretation, and/or administrative practice or policy, and/or with reasonable grounds to believe such conduct complied with the FLSA and/or New York Labor Law or interpretations of those statutes.

7865/10/7574997.v1

## SIXTEENTH AFFIRMATIVE DEFENSE

141.     To the extent that Plaintiff, certain members of the putative collective or putative class have entered into an agreement with the Restaurant, the claims asserted in the Complaint on their behalf are barred to the extent such parties failed to exhaust any mandatory contractual remedies including, but not limited to, arbitration procedures.

## SEVENTEENTH AFFIRMATIVE DEFENSE

142.     To the extent that Plaintiff or certain members of the putative collective or putative class have entered into an agreement with the Restaurant, such claims are barred due to such parties' own breaches of contract.

## EIGHTEENTH AFFIRMATIVE DEFENSE

143.     To the extent that Plaintiff, certain members of the putative collective or putative class have entered into an agreement with Defendant, such claims are barred due to such parties' fraud in the inducement.

## NINETEENTH AFFIRMATIVE DEFENSE

144.     Chef Gökçe is not the "employer" of Plaintiff, the putative collective pursuant to the FLSA, or putative Rule 23 class pursuant to the New York Labor Law.

## TWENTIETH AFFIRMATIVE DEFENSE

145.     Plaintiff's claims are barred due to the doctrine of accord and/or satisfaction.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

146.     Plaintiff's claims are barred due to his own intentional misrepresentation.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

147.     Plaintiff's claims are barred by the doctrine of avoidable consequences.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

148.    Plaintiff's claims are barred to the extent that he has waived the right of recovery.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

149.    Defendants are entitled to any and all offsets and/or set offs permissible by law.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

150.    Plaintiff's claims are barred due to the statute of frauds.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

151.    Plaintiff's claims are barred due to mutual release.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

152.    Plaintiff's claims are barred due to the *de minimis* rule.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

153.    Plaintiff's claims are barred due to *res judicata* and/or collateral estoppel.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

154.    Plaintiff's claims are barred by the doctrine of abandonment.

## THIRTIETH AFFIRMATIVE DEFENSE

155.    Plaintiff's claims are barred due to his own failure to conform to the obligations of employees.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

156.    In addition to the foregoing defenses, Defendants retain the right to amend their answer to raise additional affirmative and other defenses or pursue any available counterclaims against Plaintiff or any putative class or putative collective member who joins this action as those claims become known during the course of the litigation.

7865/10/7574997.v1

## THIRTY-SECOND AFFIRMATIVE DEFENSE

157.    Because Plaintiff's Complaint is phrased in conclusory terms, Defendants cannot fully anticipate all defenses which may be applicable to this action.  Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved.

## JURY TRIAL IS REQUESTED

WHEREFORE, Defendants demand judgment against Plaintiff as follows:

1.    Denying the allegations of collective and class status in Plaintiff's Complaint, dismissing Plaintiff's Complaint and all claims and causes at action therein with prejudice;

2.    Awarding Defendants their costs, disbursements, including reasonable attorneys' fees, and any such other and further relief as this Court deems just and equitable.

Dated: March 18, 2019

MEISTER SEELIG & FEIN LLP

/s/ Howard Davis
Howard Davis
125 Park Avenue, 7th Floor
New York, NY 10017
(212) 655-3500
*Attorneys for Defendants*

7865/10/7574997.v1