UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MUSTAFA FTEJA, Individually and on : 
behalf of all other persons similarly situated, :
: **Case Number: 19-CV-429(LGS)**
Plaintiff, :
:
-against- :
:
NUSRET NEW YORK LLC d/b/a Nusr-et :
Steakhouse and NUSRET GÖKÇE, a/k/a :
"The Salt Bae", Jointly and Severally :
:
Defendants. :
-------------------------------------------------------------------X

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT AND TO STAY DISCOVERY PENDING A DETERMINATION OF THIS MOTION**

Meister Seelig & Fein LLP
125 Park Avenue, 7th Floor
New York, New York 10017
(212) 655-3500
*Attorneys for Defendants*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ....................................................................................................... 1

FACTS ............................................................................................................................................... 2

    I.    Arbitration is a Condition of Employment at the Restaurant Communicated
         to and Acknowledged by All Employees, Including Fteja ........................................... 2

    II.   Fteja Quits His Employment at the Restaurant ............................................................. 6

STANDARD OF REVIEW ............................................................................................................. 7

ARGUMENT .................................................................................................................................... 8

    I.    The Complaint Should Be Dismissed Pursuant to FRCP §§ 12(b)(1),
         12(b)(6) and §§ 2 and 4 of the FAA and Arbitration Compelled Because
         All Causes of Action Are Subject to Compulsory Arbitration ................................... 8

       A.   The Federal Arbitration Act ............................................................................... 9

       B.   There Is No Question that Fteja is Bound to Arbitrate His Claims .................. 11

       C.   Fteja's Claims Fall Expressly Within the Scope of the Arbitration Agreement ..... 13

       D.   Claims Brought Pursuant to the FLSA and NYLL are Arbitrable ..................... 13

    II.   Discovery Should Be Stayed Pending Determination of Defendants' Motion to Dismiss .... 14

CONCLUSION ............................................................................................................................... 15

## **TABLE OF AUTHORITIES**

**Cases**                                               **Page(s)**

*AT&T Mobility LLC v. Concepcion*,
  131 S. Ct. 1740 (2011) .................................................................................................... 9

*Beletsis v. Credit Suisse First Boston, Corp.*,
  No. 01 Civ. 6266(RCC), 2002 WL 2031610 (S.D.N.Y. Sept. 4, 2002).................................... 12

*Boelter v. Hearst Commc'ns, Inc.*,
  No. 15-CV-03934 (AT), 2016 WL 361554 (S.D.N.Y. Jan. 28, 2016)..................................... 14

*Brown v. Coca-Cola Enters.*,
  No. 08 CV 3233, 2009 WL 1146441 (E.D.N.Y. Apr. 28, 2009) ......................................... 12

*Brown v. The St. Paul Travelers Cos.*,
  559 F. Supp. 2d 288 (W.D.N.Y. 2008) ............................................................................. 12

*Chanchani v. Salomon/Smith Barney, Inc.*,
  No. 99 Civ. 9219(RCC), 2001 WL 204214 (S.D.N.Y. Mar. 1, 2001) ...................................... 12

*Ciago v. Ameriquest Mortg. Co.*,
  295 F. Supp. 2d (S.D.N.Y. 2003)..................................................................................... 14

*Circuit City Stores, Inc. v. Adams*,
  532 U.S. 105 (2001) ...................................................................................................... 10

*CompuCredit v. Greenwood*,
  132 S. Ct. 665 (2012) ..................................................................................................... 9

*David L. Threlkeld & Co. v. Metallgesellschaft Ltd.*,
  923 F.2d 245 (2d Cir. 1991)........................................................................................... 12

*Dixon v. NBC Universal Media, LLC*,
  947 F. Supp. 2d 390 (S.D.N.Y. 2013)............................................................................... 13

*Drakeford v. Washington Mut.*,
  No. 07 CIV. 03489 (GBD), 2008 WL 2755838 (S.D.N.Y. July 11, 2008)............................... 11

*Epic Sys. Corp. v. Lewis*,
  138 S. Ct. 1612 (2018) ......................................................................................... 9, 10, 13

*Faroque v. Park W. Exec. Servs.*,
  No. 15 CV 6868 (DLI), 2016 WL 11264720 (E.D.N.Y. Sept. 7, 2016) ................................... 11

*Gilmer v. Interstate/Johnson Lane Corp.*,
  500 U.S. 20 (1991) .................................................................................................................. 13

*Gonzalez v. Toscorp Inc.*,
  No. 97 Civ. 8158(LAP), 1999 WL 595632 (S.D.N.Y. Aug. 5, 1999) ....................................... 12

*Green Tree Fin. Corp.-Alabama v. Randolph*,
  531 U.S. 79 (2000) .................................................................................................................... 7

*In re Am. Express Merchants' Litig.*,
  634 F.3d 187 (2d Cir. 2011) ...................................................................................................... 7

*Intertec Contracting v. Turner Steiner Int'l, S.A.*,
  No. 98-CV-9116 (CSH), 2001 WL 812224 (S.D.N.Y. July 18, 2001) ...................................... 14

*Isaacs v. OCE Bus. Servs., Inc.*,
  No. 13 CIV. 0548 JGK, 2013 WL 4744807 (S.D.N.Y. Sept. 4, 2013) ...................................... 10

*Johnson v. Tishman Speyer Properties, L.P.*,
  No. 09 CIV. 1959 (WHP), 2009 WL 3364038 (S.D.N.Y. Oct. 16, 2009) ................................. 10

*Katz v. Cellco P'ship*,
  794 F.3d 341 (2d Cir. 2015) .............................................................................................. 7 n.6, 11

*LaVoice v. UBS Fin. Servs., Inc.*,
  No. 11 CV. 2308 (BSJ) (JLC), 2012 WL 124590 (S.D.N.Y. Jan. 13, 2012) .............................. 7

*Manigault v. Macy's E., LLC*,
  318 F. App'x 6 (2d Cir. 2009) .................................................................................................. 12

*Metzler v. Harris Corp.*,
  No. 00 CIV 5847 (HB), 2001 WL 194911 (S.D.N.Y. Feb. 26, 2001) ...................................... 14

*Mikes v. Strauss*,
  889 F. Supp. 746 (S.D.N.Y. 1995) ............................................................................................ 14

*Mitsubishi Motors Corp.v. Soler Chrysler-Plymouth, Inc.*,
  473 U.S. 614 (1985) .................................................................................................................. 8

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
  460 U.S. 1 (1983) ...................................................................................................................... 10

*Nunez v. Citibank, N.A.*,
  No. 08 CV. 5398 (BSJ), 2009 WL 256107 (S.D.N.Y. Feb. 3, 2009) ................................... 7, 10

*Oldroyd v. Elmira Sav. Bank, FSB,*
  134 F.3d 72 (2d Cir. 1998) .................................................................................................. 13

*Reynolds v. de Silva,*
  No. 09 CIV. 9218 (CM), 2010 WL 743510 (S.D.N.Y. Feb. 24, 2010) .......................... 7, 10, 14

*Roby v. Corp. of Lloyd's,*
  996 F.2d 1353 (2d Cir. 1993) .............................................................................................. 10

*Ross v. Bank of Am., N.A. (USA),*
  No. 05-CV-7116 (WHP), 2006 WL 36909 (S.D.N.Y. Jan. 6, 2006) ....................................... 14

*Spencer-Franklin v. Citigroup/Citibank N.A.,*
  No. 06 CIV. 3475 (GBD)(GWG), 2007 WL 521295 (S.D.N.Y. Feb. 21, 2007) ...................... 10

*Sphere Drake Ins. Ltd. v. Clarendon Nat'l Ins. Co.,*
  263 F.3d 26 (2d Cir. 2001) ................................................................................................... 10

*Steele v. L.F. Rothschild & Co., Inc.,*
  701 F. Supp. 407 (S.D.N.Y. 1988) ........................................................................................ 14

*Sutherland v. Ernst & Young LLP,*
  726 F.3d 290 (2d Cir. 2013) .................................................................................................. 9

**Statutes**

9 U.S.C. § 2 .................................................................................................................................. 9

9 U.S.C. § 3 ................................................................................................................................ 10

9 U.S.C. § 4 .................................................................................................................................. 9

29 U.S.C. § 201 et seq. ........................................................................................................ *passim*

N.Y. Lab. Law ..................................................................................................................... *passim*

**Rules**

Fed. R. Civ. P. 12(b)(1) and 12(b)(6) ................................................................................. 1, 2, 15

Fed. R. Civ. P. 26(c) .................................................................................................................. 14

Defendants Nusret New York LLC d/b/a Nusr-et Steakhouse ("Restaurant") and Nusret Gökçe ("Chef Gökçe") (collectively "Defendants") respectfully submit this memorandum of law in support of their motion (1) to dismiss plaintiff Mustafa Fteja ("Plaintiff" or "Fteja") Class and Collective Action Complaint (ECF Dkt. 1) (the "Complaint")[1] pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") and pursuant to §§ 2 and 4 of the Federal Arbitration Act (the "FAA") in its entirety, and (2) to stay discovery in the within action pending a determination on this motion.

## PRELIMINARY STATEMENT

Plaintiff Fteja was a server (waiter) at the Restaurant for ten (10) months in 2018. Fteja alleges, for the first time in his Complaint, (1) violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") and (2) that his employment was terminated by the Restaurant in retaliation for complaining about tip distributions. Setting aside the fact that Fteja's claims are meritless, Plaintiff lacks standing even to bring this action in this Court and the Court lacks subject matter jurisdiction to hear it. Fteja's employment was conditioned upon his acceptance of a valid and binding arbitration agreement with the Restaurant in the form of a Mutual Agreement to Arbitrate Claims ("Arbitration Agreement").[2]

At the time that Fteja was hired, he was informed (1) in his written Employment Offer (which he signed), (2) in the Restaurant Employee Handbook, and (3) in the Arbitration Agreement itself, that his employment with the Restaurant was conditioned upon his agreement to arbitrate any claims arising out of, concerning or related to such employment or separation therefrom. *See* Anlian Decl. ¶¶ 5 – 16, Exs. A – C.

---

[1]  The Complaint is attached to the Declaration of Howard Davis ("Davis Decl.") as Exhibit 1. Defendants' Answer and Affirmative Defenses to Class and Collective Action Complaint (ECF Dkt. 17) ("Answer") is attached to the Davis Decl. as Exhibit 2.

[2]  A copy of the Restaurant's form Arbitration Agreement is annexed to the accompanying Declaration of Burcu Anilan, former Regional Human Resources Manager at Nusret New York LLC ("Anilan Decl.") as Exhibit C.

1

Having acknowledged this fact numerous times (as evidenced by, *inter alia*, his signature on the Employment Offer), Fteja continued his employment with the Restaurant and thereby obligated himself to the terms of the Arbitration Agreement. *See* Anlian Decl. ¶¶ 5, 6, 17, Exs. A – C.

That Fteja avoided signing a copy of the Arbitration Agreement while he continued his employment with the Restaurant, knowing all the while that his employment was conditioned upon arbitration of any disputes, is of no consequence. Regardless, the binding Arbitration Agreement obligates Fteja to submit all claims, including each of those at issue herein, to binding arbitration.

Fteja's Complaint should therefore be dismissed, in its entirety, and arbitration compelled under Rules 12(b)(1) and 12(b)(6) of the FRCP and under §§ 2 and 4 of the FAA.

As such, for lack of subject matter jurisdiction, discovery herein should be stayed pending resolution of the within motion.

## FACTS

**I.     Arbitration is a Condition of Employment at the Restaurant Communicated to and Acknowledged by All Employees, Including Fteja**

From the time that the Restaurant opened in January 2018, Restaurant employees were obligated, as a condition of their employment, to arbitrate any claims between the employee and the Restaurant, including such claims employees might have relating to or arising out of their employment with the Restaurant or termination of their employment with the Restaurant. *See* Anilan Decl. ¶¶ 3 – 6.[3]

---

[3]     The standard onboarding paperwork provided to Fteja at the Restaurant included, among other things, a formal written "Employment Offer," Restaurant Employee Handbook and Arbitration Agreement. True and correct copies of the Employment Offer, relevant portions of the Restaurant Employee Handbook, and Arbitration Agreement are attached to the Anilan Decl. as Exhibits A, B, and C, respectively.

The Employment Offer presented an offer of employment with the Restaurant subject to the employee's acceptance of certain material "terms and conditions" identified therein. The material terms and conditions upon which Fteja's employment was conditioned according to the explicit terms of the Employment Offer included that "[p]rior to commencement of employment with the Restaurant, [Fteja] will be required to sign an Arbitration Agreement." Anilan Decl. ¶ 7.

The Employment Offer also explicitly stated that the Restaurant "enclosed a copy of the Arbitration Agreement for [Fteja's] review." Anilan Decl. ¶ 8, Ex. A.

The Employment Offer further stated that the Employment

> Offer **and the Arbitration Agreement**[] contain the entire agreement of the parties with respect to its subject matter and supersedes any previous discussions or negotiations. *No waiver*, modification or change in any of its provisions ***shall be valid unless in writing and signed by the party against whom such claimed waiver***, modification or change *is sought to be enforced*."

Anilan Decl. ¶ 9, Employment Offer, p. 2 (emphasis supplied).

The Employment Offer further referred Fteja to the Restaurant Employee Handbook. Anilan Decl. ¶ 10.

The Employment Offer also directed Fteja to

> [p]lease review all of the terms and conditions of this Offer, and if you have any questions, please contact Human Resources. If you choose to accept this offer, please sign and return an original copy of this letter, to the attention of Human Resources.

Anilan Decl. ¶ 11, Employment Offer, p. 2.

Fteja never contacted Restaurant Human Resources with any questions about the Employment Offer. Anilan Decl. ¶ 12. Rather, Fteja signed and dated the Employment Offer beneath the words "I have read and understood the provisions of this offer of employment, and accept employment on the terms stated above. Acknowledged and

3

accepted…." Anilan Decl. ¶ 12, Ex. A. Fteja then returned the executed Employment Offer. Anilan Decl. ¶ 12.

The Restaurant Employee Handbook provided to Fteja states at Paragraph 12 that

> ***Nusret employees must execute an Arbitration Agreement with regard to their employment at Nusret*** (the "Arbitration Agreement"). ***The Arbitration Agreement is attached to this handbook*** and provides, among other things, that a legal claim arising out of the employee's employment with Nusret shall be exclusively decided by binding arbitration held pursuant to the Federal Arbitration Act and before the American Arbitration Association ("AAA") in New York County pursuant to the AAA's Employment Arbitration Rules and Mediation Procedures. Through the Arbitration Agreement, the parties waive any right to litigate claims in a court of law and waive the right to trial by jury.
>
> Additionally, the Arbitration Agreement provides that all claims or disputes between any employee and Nusret (and any other persons or entities associated with Nusret) will be litigated individually; no employee shall consolidate his or her claims with the claims of any other individual; no employee shall seek class or collective action treatment for any claim that he or she may have; and no employee shall participate in any class or collective action against Nusret or against any persons or entities associated with Nusret.
>
> This section only provides an overview of the Arbitration Agreement. Please refer to the Arbitration Agreement for a complete statement of terms.

Anilan Decl. ¶ 13, Ex. B (Emphasis supplied).

The Arbitration Agreement provided to Fteja stated that Fteja and the Restaurant both

> agree that any Covered Claim, whether based in contract, tort, statute, fraud, misrepresentation, or any other legal theory, shall be resolved by mandatory, final, and binding arbitration administered by the American Arbitration Association (the "AAA"), pursuant to its Employment Arbitration Rules and Mediation Procedures (the "AAA Rules") applicable at the time the arbitration is commenced, including the AAA Optional Rules for Emergency Measures of Protection, with judgment on the award rendered by the arbitrator to be entered in any court having jurisdiction thereof. If the AAA Rules are inconsistent with the terms of this Agreement, the terms of this Agreement shall govern. A copy of the AAA Rules can be found online by going to www.adr.org. Employee may also obtain a copy of the AAA Rules by, either calling the American Arbitration Association at (800) 778-7879 or by contacting Nusret's Human Resources Department.

Anilan Decl. ¶¶ 8, 14, Exhibit C, ¶ 2.

4

The Arbitration Agreement further provides that:

> To the maximum extent permitted by applicable law, the Parties' agreement to arbitrate covers all grievances, disputes, claims, controversies, complaints, suits, actions, charges, causes of action, damages, demands, and liabilities, in law or in equity (the "Claims") arising at any time (including during prior periods of employment with the Employer Group (as defined below)), out of, concerning, or relating to, Employee's hiring by, employment with, and/or separation from employment, termination from Employer, including any Claims that Employee may have or had against Employer, or any of its officers, directors, supervisors, managers, employees, or agents in their capacity as such or otherwise, Employers predecessors, successors, assigns, direct and indirect parents, subsidiaries, affiliates, or divisions, and any of their officers, directors, supervisors, managers, employees, or agents (together, the "Employer Group"), as well as any Claims that Employer may have against Employee (collectively, the "Covered Claims").
>
> …
>
> The Parties specifically agree that any and all Claims under the Fair Labor Standards Act… and/or the New York Labor Law, including, but not limited to, Claims for overtime, unpaid wages, spread of hours, split shifts, tip credit issues, and Claims involving meal and rest breaks, shall be subject to this Agreement.

*See* Anilan Decl., Exhibit C, ¶ 3 (the Arbitration Agreement also explicitly covers claims of retaliation).[4]

The Arbitration Agreement also provides that Arbitration is to be the "exclusive means of resolving Covered Claims relating to or arising out of Employee's employment with the Employer or termination of Employee's employment with the Employer." Anilan Decl. ¶ 16, Ex. C, ¶ 5.

At no time did Fteja ever inform the Restaurant that he did not intend to be bound by the Arbitration Agreement, which Fteja was repeatedly informed was a condition of his employment by the Restaurant. Anilan Decl. ¶ 17.

---

[4] The Arbitration Agreement also contains a class and collective action waiver at paragraph 27.

5

As part of a routine internal audit in November 2018 the Restaurant discovered that it did not have a copy of the Restaurant Arbitration Agreement signed by Fteja in Fteja's employee file. Fteja was asked to sign the Arbitration Agreement, which was always a condition of his employment. Fteja represented to the Restaurant at that time that he had already signed the Arbitration Agreement at the beginning of his employment. Anilan Decl. ¶ 18.

## II.    Fteja Quits His Employment at the Restaurant

Contrary to his allegations in the Complaint, Fteja did not complain to the Restaurant about tip taking, the Restaurant did not fire Fteja for complaining about tip taking, and, in fact, the Restaurant never fired Fteja at all. In actuality, Fteja quit. Anilan Decl. ¶ 19; *compare* Complaint, ¶¶ 49 – 50.

Fteja was placed on final warning in late October 2018 after he failed to modify an order for a hamburger (which comes with cheese as standard) after the customer informed Fteja that the customer had a severe allergy to dairy. Anilan Decl. ¶ 20.[5] Soon after, on or about November 22, 2018, Fteja mishandled cash in violation of Restaurant policy for which he was suspended for two weeks. Anilan Decl. ¶¶ 21, 22. Upon his return, Fteja refused to accept counseling, a performance improvement plan and refused to sign a copy of the Arbitration Agreement presented to him. Anilan Decl. ¶ 24. Fteja then walked off the job and quit. Anilan Decl. ¶ 24.

---

[5]    A true and correct copy of the disciplinary report in connection with this violation of Restaurant policy is attached to the Anilan Decl. as Exhibit D.

## **STANDARD OF REVIEW**

The "party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 91, (2000) (internal citations omitted); *see also In re Am. Express Merchants' Litig.*, 634 F.3d 187, 191 (2d Cir. 2011) (abrogated on other grounds). "Once a court is satisfied that an arbitration agreement is valid and the claim before it is arbitrable, it must stay or dismiss further judicial proceedings and order the parties to arbitrate." *LaVoice v. UBS Fin. Servs., Inc.*, No. 11 CV. 2308 (BSJ) (JLC), 2012 WL 124590, at *2 (S.D.N.Y. Jan. 13, 2012) (*quoting Nunez v. Citibank, N.A.*, No. 08 CV. 5398 (BSJ), 2009 WL 256107, at *2 (S.D.N.Y. Feb. 3, 2009) (internal citations omitted). However, where all of the claims asserted are subject to arbitration, the Court should dismiss rather than stay the case. *See*, *e.g.*, *Reynolds v. de Silva*, No. 09 CIV. 9218 (CM), 2010 WL 743510, at *8 (S.D.N.Y. Feb. 24, 2010) (noting that "[a]ll courts of which we are aware have followed the rule that, [w]here all of the issues raised in the Complaint must be submitted to arbitration, the Court may dismiss an action rather than stay proceedings" (internal citations omitted)).[6]

Given that arbitration is Plaintiff's exclusive means of resolving claims against Defendants, and thus, this Court lacks subject matter jurisdiction over such claims, discovery should not be permitted to proceed, and same should be stayed pending the determination of the within application to dismiss the Complaint.

---

[6]    While the Second Circuit held in *Katz v. Cellco P'ship*, 794 F.3d 341 (2d Cir. 2015) that a stay of proceedings is the appropriate procedure rather than dismissal in the event of an arbitration agreement, *Katz* so holds **only to the extent that a stay has been requested**. *Id.* at 347.  Here, Defendants request dismissal of the within action, not a stay.

**ARGUMENT**

Fteja's Complaint should be dismissed and Fteja compelled to arbitrate his claims pursuant to the Arbitration Agreement. Moreover, because the issue presented in this motion bears on the subject matter jurisdiction of this Court, discovery should be stayed pending resolution of the within motion.

**I.  The Complaint Should Be Dismissed Pursuant to FRCP §§ 12(b)(1), 12(b)(6) and §§ 2 and 4 of the FAA and Arbitration Compelled Because All Causes of Action Are Subject to Compulsory Arbitration**

The claims set forth in the Complaint rely solely on alleged violations of the FLSA, NYLL, and related claims of retaliation, all of which Fteja agreed to arbitrate by his acceptance of employment with the Restaurant, pursuant to the Arbitration Agreement. Accordingly, this Court lacks subject matter jurisdiction over all of Fteja's claims and Fteja lacks standing to bring these claims in this Court. Therefore, the Complaint must be dismissed, in its entirety and arbitration compelled pursuant to FRCP §§ 12(b)(1) and 12(b)(6) and §§ 2 and 4 of the FAA.

Courts must look at three factors to determine if a plaintiff is bound by a mandatory arbitration agreement when asserting claims founded on statutory rights. These are: (1) whether the parties agreed to arbitrate; (2) the scope of that agreement and (3), in the case of federal statutory claims, if Congress clearly intended to preclude arbitration of the claims asserted. *See*, *e.g.*, *Mitsubishi Motors Corp.v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626-28 (1985). In this action, as discussed below, Fteja's claims satisfy all three prongs of the test and are, therefore, subject to compulsory arbitration.

## A. <u>The Federal Arbitration Act</u>

The Federal Arbitration Act provides that pre-dispute arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The "overarching purpose of the FAA … is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings." *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1748 (2011) ("The principal purpose of the FAA is to ensure that private arbitration agreements are enforced according to their terms."). *Id*. The Supreme Court has repeatedly reaffirmed that the FAA "requires courts to enforce agreements to arbitrate according to their terms … unless the FAA's mandate has been 'overridden by a contrary Congressional command.'" *CompuCredit v. Greenwood*, 132 S. Ct. 665, 669 (2012).

In a case such as this one, where, as discussed herein, a valid arbitration agreement governs, the FAA requires the district court to compel arbitration. Pursuant to the FAA:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement. . . . [u]pon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, **the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement**.

9 U.S.C. § 4 (emphasis supplied).

Recent law handed down by the United States Supreme Court has confirmed that arbitration agreements entered into between employees and their employers, including those addressing statutory claims, as here, are enforceable. *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1627, 1632 (2018); *See also Sutherland v. Ernst & Young LLP*, 726 F.3d 290, 296 – 299

9

(2d Cir. 2013); *Isaacs v. OCE Bus. Servs., Inc.*, No. 13 CIV. 0548 JGK, 2013 WL 4744807, at *4 (S.D.N.Y. Sept. 4, 2013).

As the United States Supreme Court definitively confirmed, the FAA governs arbitration agreements in the employment context, including relating to wage and hour / FLSA claims. *Epic Sys.*, 138 S. Ct. at 1627, 1632; *see also Nunez*, 2009 WL 256107, at *3-4; *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 119 (2001). Moreover, under the FAA, there is a strong presumption that an agreement to arbitrate is valid. *See*, *e.g.*, *Nunez*, 2009 WL 256107, at *3-4; *Sphere Drake Ins. Ltd. v. Clarendon Nat'l Ins. Co.*, 263 F.3d 26, 29-30 (2d Cir. 2001). Courts broadly construe arbitration agreements and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). Thus, where there is an agreement to arbitrate, arbitration must be compelled "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Roby v. Corp. of Lloyd's*, 996 F.2d 1353, 1361 (2d Cir. 1993).

While Section 3 of the FAA instructs district courts to enter a "stay of proceedings" in cases where the asserted claims are "referable to arbitration" (9 U.S.C. § 3), "[a]ll courts of which [the Southern District is] aware have followed the rule that, '[w]here all of the issues raised in the Complaint must be submitted to arbitration, the Court may dismiss an action rather than stay proceedings.'" *Reynolds*, 2010 WL 743510, at *8-9 (*citing Spencer-Franklin v. Citigroup/Citibank N.A.*, No. 06 CIV. 3475 (GBD)(GWG), 2007 WL 521295, at *4, 11 (S.D.N.Y. Feb. 21, 2007) *report and recommendation adopted*, No. 06 CIV. 3475 (GBD), 2007 WL 1052451 (S.D.N.Y. Apr. 5, 2007) (internal citations omitted); *see also Johnson v. Tishman Speyer Properties, L.P.*, No. 09 CIV. 1959 (WHP), 2009 WL 3364038, at *4

(S.D.N.Y. Oct. 16, 2009) ("[C]ourts have the discretion to dismiss--rather than stay--an action when all of the issues in it must be arbitrated."); *Drakeford v. Washington Mut.*, No. 07 CIV. 03489 (GBD), 2008 WL 2755838, at *4 (S.D.N.Y. July 11, 2008) ("Since this Court finds that all of plaintiff's claims against [defendant] are subject to arbitration, all claims against [defendant] are dismissed."). Accordingly, since here all of Fteja's claims are subject to arbitration pursuant to the Arbitration Agreement, because they arise "out of Employee's employment with the Employer or termination of Employee's employment with the Employer," the Complaint should be dismissed rather than stayed. Anilan Decl., Ex. C., ¶ 5. Such procedure is consistent with Second Circuit precedent that a stay of proceedings is only required when specifically requested pursuant to the FAA, which has not been requested herein. *See Katz*, 794 F.3d at 347.

Moreover, the Parties agreed by the explicit terms of their Arbitration Agreement that "***[i]f a party files a lawsuit in court in contravention of this [Arbitration] Agreement, the Parties agree that the court shall dismiss the lawsuit and require the claim to be resolved through arbitration as set forth in this [Arbitration] Agreement.***" *See* Anilan Decl., Ex. C, ¶ 5 (emphasis supplied).

### B. There Is No Question that Fteja is Bound to Arbitrate His Claims

There is no question that Fteja is bound by the terms of the Arbitration Agreement and must arbitrate the claims he brings in his Complaint.

In determining whether there is an enforceable agreement to arbitrate, courts apply general principles of contract law, looking not only at whether the individual has acknowledged the terms of the written agreement, but also at whether the individual continues to perform services following notice of the obligation to arbitrate disputes. *Faroque v. Park W. Exec. Servs.*,

11

No. 15 CV 6868 (DLI), 2016 WL 11264720, at *6 (E.D.N.Y. Sept. 7, 2016), *report and recommendation adopted*, No. 15CV6868DLICLP, 2017 WL 1214482 (E.D.N.Y. Mar. 31, 2017); *citing David L. Threlkeld & Co. v. Metallgesellschaft Ltd.*, 923 F.2d 245, 249 (2d Cir. 1991) and *Brown v. Coca-Cola Enters.*, No. 08 CV 3233, 2009 WL 1146441, at *6-8 (E.D.N.Y. Apr. 28, 2009).

It is well settled in New York that, even absent a signed arbitration agreement, continued employment, "without more, is sufficient to manifest assent." *Brown*, 2009 WL 1146441, at *7 *(quoting Manigault v. Macy's E., LLC*, 318 F. App'x 6, 7, 8 (2d Cir. 2009) (internal citation omitted) (employee's continued employment constituted an agreement to arbitrate her discrimination claim despite the fact that she claimed not to have received the employer mailing stating as much and she never signed a document to that effect); *see also Brown v. The St. Paul Travelers Cos.*, 559 F. Supp. 2d 288, 291 (W.D.N.Y. 2008) (same, stating that "while there is no signed acknowledgment of plaintiff's receipt of the handbook [containing the terms of the arbitration agreement], ... plaintiff was advised that compliance with the arbitration policy was a condition of continued employment, she was advised that it was her responsibility to 'read and understand' all of the company policies including the arbitration policy, and she continued her employment with defendant."); *Beletsis v. Credit Suisse First Boston, Corp.*, No. 01 Civ. 6266(RCC), 2002 WL 2031610, at *3 (S.D.N.Y. Sept. 4, 2002) (stating that "when an arbitration agreement is a condition of employment, ... an employee 'will be deemed to have accepted' an arbitration agreement when she continues to work after the promulgation of the arbitration policy") (*citing Chanchani v. Salomon/Smith Barney, Inc.*, No. 99 Civ. 9219(RCC), 2001 WL 204214, at *3 (S.D.N.Y. Mar. 1, 2001)); *Gonzalez v. Toscorp Inc.*, No. 97 Civ. 8158(LAP), 1999 WL 595632, at *2 (S.D.N.Y. Aug. 5, 1999) (plaintiff assented to the arbitration agreement in the

12

employee handbook when, having been informed that the policy was a condition of continued employment, he continued his employment with the company past the implementation date of the policy).

Thus, Fteja acknowledged his acceptance of the obligation to assert his claims against the Restaurant in arbitration (1) by his signature to the Employment Offer, and (2) by virtue of his acceptance, and continuation, of employment with the Restaurant, following receipt of the Employment Offer, Restaurant Employee Handbook and Arbitration Agreement.

### C. Fteja's Claims Fall Expressly Within the Scope of the Arbitration Agreement

The Arbitration Agreement expressly provides that claims "arising at any time … out of, concerning, or relating to, Employee's hiring by, employment with, and/or separation from employment, termination from Employer, including any Claims that Employee may have or had against Employer, or any of its officers, directors, supervisors, managers, employees, or agents in their capacity as such or otherwise," be determined solely by binding arbitration. Anilan Decl., Ex. C, ¶¶ 2, 3. Fteja's claims all relate to his employment with, and/or separation from employment with the Restaurant, expressly covered pursuant to the Arbitration Agreement. Accordingly, all of the claims in this action expressly fall within the scope of the Arbitration Agreement.

### D. Claims Brought Pursuant to the FLSA and NYLL are Arbitrable

It is "well settled" that a statutory claim is not exempt from arbitration "absent a contrary Congressional intent." *Oldroyd v. Elmira Sav. Bank, FSB*, 134 F.3d 72, at 77-78 (2d Cir. 1998) ; *see also Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991) (federal policy in favor of arbitration extends to claims under federal statutes). Indeed, the Supreme Court of the United States has recently affirmed the enforcement of arbitration agreements

13

(with class waivers) in the context of the FLSA. *Epic Sys.*, 138 S. Ct. at 1627, 1632; *see also Dixon v. NBC Universal Media, LLC*, 947 F. Supp. 2d 390 (S.D.N.Y. 2013)

As with FLSA claims, "[c]ourts in this District have also consistently found claims asserted under the NYLL to be arbitrable." *Reynolds*, 2010 WL 743510, at *4-5; *see also Metzler v. Harris Corp.*, 00 CIV 5847 HB, 2001 WL 194911, at *3-5 (S.D.N.Y. Feb. 26, 2001) (holding that NYLL claims for alleged unpaid commissions were subject to the arbitration clause in the commission agreement); *Ciago v. Ameriquest Mortg. Co.*, 295 F. Supp. 2d at 334 (S.D.N.Y. 2003)(compelling arbitration of NYLL wage claims and holding that there is no indication "that the state legislature intended to preclude compulsory arbitration of [such] claims"); *Steele v. L.F. Rothschild & Co., Inc.*, 701 F. Supp. 407, 408 (S.D.N.Y. 1988) (compelling arbitration of unequal pay claims brought under the FLSA and NYLL); *Mikes v. Strauss*, 889 F. Supp. 746, 756-57 (S.D.N.Y. 1995) (holding that plaintiff's NYLL severance benefits claim was subject to compulsory arbitration pursuant to an arbitration clause in plaintiff's employment agreement).

**II.     Discovery Should Be Stayed Pending Determination of Defendants' Motion to Dismiss**

"[T]he general practice of district courts" is to stay discovery while a motion to dismiss and compel arbitration is pending. *Intertec Contracting v. Turner Steiner Int'l, S.A.*, No. 98-CV-9116 (CSH), 2001 WL 812224, at *7 (S.D.N.Y. July 18, 2001); *see also Ross v. Bank of Am., N.A. (USA)*, No. 05-CV-7116 (WHP), 2006 WL 36909, at *1 (S.D.N.Y. Jan. 6, 2006) ("In view of the threshold issues concerning arbitration, this Court concludes that a stay of discovery is appropriate"); *Boelter v. Hearst Commc'ns, Inc.*, No. 15-CV-03934 (AT), 2016 WL 361554, *4 (S.D.N.Y. Jan. 28, 2016) (*citing* FRCP 26(c)) (other citations omitted).

Pursuant to the parties' agreement, the interim discovery deadlines set forth in the Court's Scheduling Order have been adjourned. Davis Decl. ¶ 7.  As a result, the parties have not served any formal discovery requests. Davis Decl. ¶¶ 8, 10.  Moreover, while Defendants have served approximately 90 pages of production *for settlement purposes only*, Plaintiff has failed to produce any discovery or demands for same. Davis Decl. ¶¶ 9, 10; *see also* ECF Dkt. 20.  Thus, Plaintiff has not and will not experience prejudice in connection with a stay of such discovery pending determination of the within motion.

Pursuant to the terms of the binding Arbitration Agreement all "legal claim arising out of [Fteja's] employment with Nusret shall be exclusively decided by binding arbitration…." Anilan Decl. ¶ 13, Ex. C.  As a result, as discussed above, this Court lacks subject matter jurisdiction and all proceedings herein, including discovery, should be set aside.

## CONCLUSION

As outlined above and in the accompanying Declaration of Howard Davis and the Declaration of Burcu Anilan, and the exhibits attached thereto, the Complaint should be dismissed in its entirety pursuant to FRCP 12(b)(1) and 12(b)(6).  Moreover, discovery should be stayed pending the determination of the within motion.

Dated: New York, New York
       May 31, 2019

MEISTER SEELIG & FEIN LLP

      /s/ Howard Davis
By:    Howard Davis
125 Park Ave., 7th Floor
New York, New York 10017
Phone: 212-655-3500
Facsimile: 212-655-3535

*Attorneys for Defendants*

15

7865/10/7649077.v2