# LEE LITIGATION GROUP, PLLC
148 W 24TH STREET, EIGHTH FLOOR
NEW YORK, NY 10016
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

WRITER'S DIRECT:   212-661-1309
                   will@leelitigation.com

August 30, 2019

**Via ECF**

The Honorable Lorna G. Schofield, U.S.D.J.
U.S. District Court for the Southern District of New York
40 Foley Square, Courtroom 1106
New York, New York 10007

      Re:   *Fteja v. Nusret New York LLC, et al.*
             Docket No. 19-cv-429(LGS)
             <u>Discovery Status Report</u>

Dear Judge Schofield:

      This firm represents the Plaintiff in the above referenced case. I write jointly with counsel for the Defendants, pursuant to the Amended Case Management Plan (ECF Dkt No. 45).

      <u>Procedural History</u>

      On January 15, 2019 Plaintiff Mustafa Fteja ("Plaintiff") filed the Action. On March 18, 2019 Defendants filed their Answer and Affirmative Defenses to Class and Collective Action Complaint (ECF Dkt. 17) (the "Answer"). Among the affirmative defenses asserted in the Answer, Defendants asserted that, because Plaintiff's employment was conditioned upon mandatory arbitration of his claims asserted in the Action, the Court does not have jurisdiction over the within Action which should be compelled to arbitration.

      On April 23, 2019 the parties attended a full day mediation with the goal of resolving all of the disputes in this Action before court appointed mediator Richard M. Reice (the "Mediation"). The Mediation was unsuccessful.

      On May 31, 2019 Defendants moved to dismiss the Complaint (ECF Dkt Nos 23 – 26) on the basis that Plaintiff is bound to arbitrate his claims. The Court advised that a pre-motion letter was required. *See* ECF Dkt 28. On June 3, 2019 Lee Litigation substituted as counsel of record for Plaintiff. On June 10, 2019, Defendants filed a pre-motion letter in support of their motion to dismiss (ECF Dkt 30). On June 17, 2019 Plaintiff filed a response (ECF Dkt 33). On June 11, 2019 Plaintiff filed a pre-motion letter in support of his motion for conditional certification of an FLSA collective (ECF Dkt 31). On June 19, 2019 Defendants filed a response (ECF Dkt 34).

872507-2

Status of Discovery / Motion

Pursuant to the Amended Case Management Plan filed July 31, 2019, Plaintiff and Defendants have served written discovery demands, on August 2, 2019 and August 6, 2019 respectively, and their responses are due next week. Counsel for the parties have conferred as to dates for depositions, and we are now closing in on dates in early to mid-October, after the September 26, 2019 evidentiary hearing, discussed below. Notwithstanding any additional discovery necessary if conditional certification is granted, or for the second stage of class discovery, the parties anticipate that discovery with respect to Plaintiff's individual claims will be completed before the November 1, 2019 deadline.

Evidentiary Hearing / Motion Practice

The parties are scheduled to appear at an evidentiary hearing before Your Honor on September 26, 2019 (ECF Dkt No. 44) to resolve disputed facts relating to whether Plaintiff is bound to arbitrate his claims asserted in this action (the subject of Defendants' motion to dismiss discussed above).

Plaintiff has expressed an intention to file a motion for certification of an FLSA collective, briefing of which the Court has advised will be scheduled, if at all, following the evidentiary hearing on the arbitration issue. *See* ECF Dkt No. 38.

We thank the Court for its kind consideration.

Respectfully submitted,

*/s/ William Brown*

cc: all parties via ECF and electronic mail

872507-2