

Howard Davis
*Attorney at Law*
Direct (212) 655-3585
Fax (646) 539-3684
hd@msf-law.com

125 Park Ave, 7th Floor, New York, NY 10017

October 4, 2019

**<u>Via ECF</u>**

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007-131

**Re:**   **<u>*Fteja v. Nusret New York LLC. et al.*</u>, Case No. 19 CV 429 (LGS)**

Dear Judge Schofield:

We are counsel to defendants Nusret New York LLC d/b/a Nusr-et Steakhouse ("Restaurant") and Nusret Gökçe ("Chef Gökçe") (collectively "Defendants") in the referenced action.  We write pursuant to the Court's September 13, 2019 Order (ECF Dkt. No. 48) in advance of the evidentiary hearing scheduled for October 10, 2019 at 11:30 a.m. (ECF Dkt. 50) (the "Hearing").  The within letter is submitted in further support of the Defendants' July 24, 2019 letter (ECF Dkt. No. 41) (the "July 24 Letter") on which Defendants principally rely.

However, Defendants make the within brief submission only to address Plaintiff's letter submitted late last night (ECF Dkt. No. 52) in which Plaintiff relies on a decision out of the Southern District of Florida involving a separately owned Nusr-et branded steakhouse in Miami, Florida. *Citing Compere v. Nusret Miami, LLC*, et al., 19cv20277 (KMM) (Dkt. 65).[1]   In the *Compere* case the Southern District of Florida district court, relying on local decisions outside of New York, determined that the signed offer letter (in a similar form to the one used at the Restaurant) on its own was not sufficient to find that the plaintiff agreed to arbitrate the claims asserted therein.  The *Compere* case is distinguishable in a myriad of ways.

The court in *Compere* correctly observed that whether an arbitration agreement is enforceable is a matter to be determined "under ordinary state law contract principles." *Compere*, p. 4 (formatting and quotation marks omitted); *Id* at p. 5 ("Whether a valid agreement to arbitrate exists is a matter of state contract law.  Under Florida law, a valid contract requires offer, acceptance and consideration.") (citations omitted); *compare Brown v. Coca-Cola Enters.*, No. 08 CV 3233, 2009 WL 1146441, at *7 (E.D.N.Y. Apr. 28, 2009) (In New York, even absent a signed arbitration agreement, continued employment, "without more, is sufficient to manifest assent.") (*quoting Manigault v. Macy's E., LLC*, 318 F. App'x 6, 7, 8 (2d Cir. 2009) (internal citation omitted) (employee's continued employment constituted an agreement to arbitrate her discrimination claim despite the fact that she claimed not to have received the employer mailing stating as much and she never signed a document to that effect); *see also Brown v. The St. Paul Travelers Cos.*, 559 F. Supp. 2d 288, 291 (W.D.N.Y. 2008) (Holding arbitration agreement

---

[1]   Chef Gökçe is named as a defendant in both actions.

*The Honorable Judge Lorna G. Schofield*
*Page 2*
*October 4, 2019*

enforceable despite that there was no signed acknowledgment of receipt of handbook containing arbitration agreement terms by plaintiff, and despite that plaintiff had "no recollection or record of receiving the employee handbook and arbitration policy," given evidence of the policy's dissemination during the employee's employment and that agreement was condition of continued employment); *see also* July 24 Letter, pp. 2, 3.

Further, neither first-hand evidence nor testimony was unavailable in the *Compere* case surrounding the circumstances and timing of the distribution of the arbitration agreement. *Compere*, p. 7 – 9 (discussing lone affidavit submitted from a witness providing "pattern and practice evidence," rather than presenting evidence specific to the parties at issue).  No evidentiary hearing was held in *Compere*, no testimony was elicited about a mandatory meeting at which the plaintiffs acknowledged attendance, in connection with they were provided copies of handbooks with arbitration agreements.  In contrast, Defendants intend to submit such admissible evidence to the Court at the Hearing.

Respectfully submitted,
/s/
Howard Davis

cc:     Plaintiff's Counsel of Record (via ECF)