**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MUSTAFA FTEJA, *on behalf of himself, FLSA Collective Plaintiffs and the Class,*<br><br>      Plaintiff,<br><br> v.<br><br>NUSRET NEW YORK LLC d/b/a Nusr-et Steakhouse and NUSRET GÖKÇE, a/k/a "The Salt Bae," *jointly and severally* ,<br><br>      Defendants. | Case No.: 19-cv-00429 |

**DECLARATION OF C.K. LEE IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ORDER (1) CONDITIONALLY CERTIFYING SETTLEMENT CLASS AND COLLECTIVE ACTION, (2) GRANTING PRELIMINARY APPROVAL TO PROPOSED CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION, (3) DIRECTING DISSEMINATION OF NOTICE AND RELATED MATERIAL TO THE CLASS, and (4) SETTING DATE FOR FAIRNESS HEARING AND RELATED DATES**

I, C.K. Lee, declare as follows:

  1.  I am a partner in the firm of the Lee Litigation Group, PLLC ("LLG") in New York, New York, and Plaintiff's counsel herein.

  2.  I respectfully submit this declaration in support of Plaintiff's motion requesting the Court to (1) grant preliminary approval of the Settlement Agreement and Release ("Settlement Agreement") attached as **Exhibit A** hereto, (2) conditionally certify the settlement class under Federal Rule of Civil Procedure 23(b)(3) and 29 U.S.C. § 216(b) for settlement purposes only, (3) approve the proposed Notice of Class Action Settlement ("Proposed Notice"), attached as **Exhibit B** hereto, (4) approve Plaintiff's proposed schedule for final settlement approval and set a date for the Fairness Hearing and related dates, (5) appoint LLG as Class Counsel ("Class Counsel") for the settlement class, and (6) appoint Rust Consulting as the Claims Administrator.

  3.  I make these statements based on personal knowledge and would so testify if called as a witness before the Court.

## My Background and Experience

4.      I received a BS/BA from the University of Michigan/Ann Arbor, with concentrations in Biology and Chinese Language & Culture.  I received a Juris Doctorate degree from The University of Pennsylvania Law School in 1997.  I was admitted to the New York bar in 1998.  I am also admitted to the bars of the United States Supreme Court, the Second Circuit Court of Appeals, and the United States District Courts for the Eastern, Southern, Western and Northern Districts of New York. I am a member in good standing of each of these bars.  I have served as lead counsel in hundreds of wage and hour class and collective actions.

5.      Prior to establishing my own firm, I was associated with some of the top firms in New York City, including Clifford Chance, Morrison & Foerster and Schulte Roth & Zabel.

6.      Since April 2009, a substantial part of my practice has been engaged in prosecuting wage and hour class and collective action cases.

7.      I have been appointed as lead counsel in over 60 wage and hour cases that district courts have certified as class actions and/or collective actions. *See attached list*.

## Nature of Plaintiffs' Claims

8.      Plaintiff, on behalf of himself and Class Members, alleges that Defendants (i) failed to pay non-exempt, tipped employees the proper minimum wages due to an invalid tip credit; (ii) failed to pay non-exempt, tipped employees the proper overtime hours; (iii) unlawfully retained tips from non-exempt, tipped employees; and (iv) failed to meet the New York Labor Law's requirement on wage statements and wage and hour notices with respect to all non-exempt, tipped employees.  Defendants deny all such allegations.

## Investigation and Discovery

9.      Before filing the Complaint, Plaintiff's Counsel conducted a thorough investigation. This included investigation and legal research on the underlying merits of the class claims, the likelihood of obtaining liquidated damages, the proper measure of damages, and the likelihood of class certification.

10.      LLG had in-depth interviews with the named Plaintiff. LLG also obtained documents and data from the named Plaintiff that helped evaluate the risks of the case.

11.      Discovery in this case has consisted of reviewing and analyzing hundreds of pages of documentation electronically produced by Defendants, including the employment data

of Plaintiff Fteja, such time sheets and payroll records, and a sample of wage and hour documents for the class. During the course of discovery, Plaintiff's Counsel also received a variety of tip records, wage notices, tip notices, the employee handbook, and other related documents. The documents and samples were analyzed to help Plaintiff's Counsel calculate the alleged damages owed to the named Plaintiff and the Class Members based upon Plaintiff's allegations. In addition to the records produced, Plaintiff's Counsel used assumptions based on the pleadings and the data provided by Defendants to estimate the total amount of damages owed to Plaintiff and the class.  Defendants deny that Plaintiff and/or the Class Members are entitled to any damages.

12.     Plaintiff's Counsel has provided a benefit to the class and the judicial system by agreeing to cooperate in the prosecution and settlement of this case.

## Settlement Negotiations

13.     On March 13, 2019 the Parties were referred to the Court-annexed Mediation Program.

14.     Plaintiff submitted a detailed mediation statement that explained the claims, noted Defendants' presumed vulnerabilities, potential risk, and explained his damage calculations.

15.     On April 23, 2019, the Parties engaged in a full-day in-person mediation with Richard M. Reice, which was unsuccessful and did not result in a settlement.

16.     During the months after the mediation session with Richard Reice, the Parties continued to participate in discovery, and eventually agreed to engage in a second, private mediation session with Noel P. Tripp, Esq. of JAMS.

17.     On September 18, 2019, the Parties informed the Court of their intention to participate in a private mediation.

18.     On September 25, 2019, the Parties engaged in a second mediation session with Noel P. Tripp. Although the session did not result in a settlement in principle, the Parties made significant progress towards a resolution and agreed to meet for a third mediation session, once again with Noel Tripp, in October 2019 to attempt to reach a settlement. Thereafter, the Parties scheduled a third mediation session which took place on October 11, 2019.

19.     During the October 11, 2019 mediation session, the Parties reached a settlement in principle. Following additional discussions, the Parties entered into a Term Sheet on October 31,

2019 and, during the months thereafter, continued negotiating the terms of the class settlement, which was memorialized in the formal Settlement Agreement (*See* **Exhibit A**.)

20.     At all times during the settlement negotiation process, negotiations were conducted on an arm's-length basis.

**Settlement Agreement**

21.     A true and correct copy of the Parties' Settlement Agreement is attached as **Exhibit A**.

22.     Under the Agreement, all class members will opt-in to the Fair Labor Standards Act ("FLSA") collective action by signing, negotiating, depositing and/or cashing their settlement checks, which contain opt-in acknowledgment language.

23.     There are approximately 200 Class Members in this case.

**Claims Administration**

24.     The Claims Administrator will be Rust Consulting.

25.     The Claims Administrator's fees will be paid out of the Settlement Fund.

26.     Attached as **Exhibit B** hereto is the proposed Notice of Class Action Settlement ("Proposed Notice").

I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated:  March 2, 2020
        New York, New York

                                        **Lee Litigation Group, PLLC**

                        By:     /s/ *C.K. Lee*
                                C.K. Lee (CL 4086)
                                148 West 24th Street, Eighth Floor
                                New York, New York 10011
                                Telephone:  212-465-1188

## List of Class Cases

| | | | |
|---|---|---|---|
| 1. | Mendez v. Pizza On Stone, LLC et al | 11-cv-06316 | SDNY |
| 2. | Khamsiri v. George & Frank's Japanese Noodle Rest Inc. et al | 12-cv-00265 | SDNY |
| 3. | Xiong v. XpresSpa JFK Terminal 7, LLC | 09-cv-01730 | EDNY |
| 4. | Sanjaya et al v. Inakaya USA, Inc. et al | 12-cv-04500 | SDNY |
| 5. | Sierra v. Triple J. Associates of Queens, Inc. et al | 12-cv-04462 | EDNY |
| 6. | Flores et al v. KC 53 LLC et al | 12-cv-08095 | SDNY |
| 7. | Mosquea v. Oasis Outsourcing II et al. | 12-cv-8099 | SDNY |
| 8. | Viafara v. MCIZ Corp. et al | 12-cv-7452 | SDNY |
| 9. | Shahriar v. Sukhmani Inc. et al | 13-cv-03823 | SDNY |
| 10. | Romero v. La Revise Associates, L.L.C. et al | 12-cv-08324 | SDNY |
| 11. | Lin et al v. Benihana National Corp. et al | 10-cv-01335 | SDNY |
| 12. | Trinidad v. Pret A Manger (USA) Limited, et al. | 12-cv-6094 | SDNY |
| 13. | Bravo v. Established Burger One L.L.C. et al. | 12-cv-9044 | SDNY |
| 14. | Sanchez v. JMP Ventures, L.L.C. et al | 13-cv-07264 | SDNY |
| 15. | Carillo v. 27-39 East 30th Rest. Corp., et al. | 13-cv-4491 | SDNY |
| 16. | Hussein et al. v. J. Caldwell Corp. et al. | 13-cv-2685 | SDNY |
| 17. | Ortiz et al v. Chop't Creative Salad Company LLC, et al | 13-cv-0254 | SDNY |
| 18. | Guaman v. 5 "M" Corp. et al. | 13-cv-3820 | SDNY |
| 19. | Alvarado v. Dublin 6 at 115 Broadway Inc. et al | 14-cv-03939 | SDNY |
| 20. | Santana v. Fishlegs LLC et al | 13-cv-01628 | SDNY |
| 21. | Mohamed, et al. v. Ess-A-Bagel Inc., et al. | 13-cv-8726 | SDNY |
| 22. | Yuzary, et al. v. HSBC Bank USA N.A., et al. | 12-cv-3693 | SDNY |
| 23. | Long et al v. HSBC USA Inc. et al | 14-cv-6233 | SDNY |
| 24. | Hernandez v. Bare Burger Dio, Inc., et al. | 12-cv-7794 | SDNY |
| 25. | Maisanche v. Paola Painting & Renovation LLC, et al. | 511960/2015 | Kings |
| 26. | Corte v. Fig & Olive Founders LLC, et al | 14-cv-7186 | SDNY |
| 27. | Perez v. Dos Toros, LLC, et al | 14-CV-9183 | SDNY |
| 28. | Cabrera v. Glenoak Enterprises LLC, et al | 14-cv-5599 | EDNY |
| 29. | Martinez et al v. Blockhead's Burritos | 15-cv-3294 | SDNY |
| 30. | Mohamed v. Sophie's Cuban Cuisine Inc., et al. | 14-CV-3099 | SDNY |
| 31. | Solorio v. 142 Mercer Street, LLC d/b/a Lure Fishbar, et al. | 15-cv-5817 | SDNY |
| 32. | Galvez v. Lucky Pearl, LLC et al | 15-cv-05177 | SDNY |
| 33. | Hernandez v. McGee's Bar & Grill, Inc., et al. | 15-cv-06067 | SDNY |
| 34. | Gonzalez et al v. Famiglia-Debartolo, LLC et al | 13-cv-08468 | SDNY |
| 35. | Asencio v. Arturo's Park Inc., et al. | 15-cv-9186 | SDNY |
| 36. | Zamora et al v. One Fifty Fifty Seven Corp. et al | 14-cv-08043 | SDNY |
| 37. | Montenegro, et al v. XpresSpa at Term. 4 JFK LLC, et al | 15-cv-3539 | SDNY |
| 38. | Riedel v. Acqua Ancien Bath New York LLC d/b/a Aire Ancient Baths, et al. | 14-cv-7238 | SDNY |
| 39. | Jin v. Spa Castle, Inc., et al. | 14-CV-5545 | EDNY |
| 40. | Barcenas v. Luma Rest, Inc. d/b/a Lusardi's, et al. | 15-CV-10043 | SDNY |

| | | | |
|---|---|---|---|
| 41. | Dipalma v. New Organico, Inc. | 15-cv-9753 | SDNY |
| 42. | Metodio v. Down and Dirty Tacos & Tequila Bar Meatpacking LLC, et al. | 15-cv-08754 | SDNY |
| 43. | Santiago v. Rivka, Inc. d/b/a Café Mogador, et al. | 15-cv-9184 | SDNY |
| 44. | Mariani, et al. v. OTG Management, Inc., et al. | 16-CV-1751 | EDNY |
| 45. | Bairon Orellana et al - v. - Pio Pio NYC, Inc. et al | 155941/2016 | NY |
| 46. | Ruiz, et al. v. Force Services, LLC, et al. | 16-cv-6729 | SDNY |
| 47. | Salazar, et al. v. Spectrum of Creations, Inc., et al. | 16-CV-0653 | SDNY |
| 48. | Andreescu v. Bravo Brio Restaurant Group, Inc. | 16-CV-6508 | SDNY |
| 49. | Vasquez v. GRK 451 Lexington Ave LLC, et al. | 16-cv-7305 | SDNY |
| 50. | Iturbide v. Cho Familia Dynastia, Inc. d/b/a Flor de Mayo, et al | 17-CV-596 | SDNY |
| 51. | Maisanche v. Paola Painting & Renovation LLC, et al. | 16-cv-7697 | SDNY |
| 52. | Huerta v. West 62 Operating LLC, et al. | 16-CV-3876 | SDNY |
| 53. | Jaigua v. Vordonia Contracting & Supplies Corp., et al. | 16-cv-6538 | EDNY |
| 54. | Gonzalez v. PB Hudson LLC, et al. | 17-CV-2010 | SDNY |
| 55. | Gomez v. Kitchenette 123 Inc., et al. | 16-cv-3302 | SDNY |
| 56. | Lucia Marett v. Palm Restaurant Inc. | 16-CV -9381 | SDNY |
| 57. | Rodriguez v. Park It Management Corp., et al. | 17-CV-4995 | SDNY |
| 58. | Gomez v. Terri Vegetarian LLC d/b/a Terri, et al. | 17-cv-00213 | SDNY |
| 59. | Jara v. Felidia Restaurant, Inc., et al. | 17-CV-9622 | SDNY |
| 60. | Escobar et al v. Pret A Manger (USA) Limited et al | 17-cv-05227 | SDNY |
| 61. | Bravo v. Fourth on Fifth LLC, et al. | 17-cv-7003 | SDNY |
| 62. | Falcon v. Bogopa Service Corp. et al | 17-CV-6230 | SDNY |
| 63. | Garcia Morales v. New Indian Foods, LLC, et al. | 18-cv-3401 | SDNY |
| 64. | Moreno Flores, et al. v.47th St. Food, Inc. d/b/a Blake & Todd, et al. | 18-cv-4281 | SDNY |
| 65. | Monter, et al. v. AP & SS Restaurant Group LLC d/b/a Sea Fire Grill, et al. | 18-CV-1859 | SDNY |
| 66. | Quic v. Dig Inn Restaurant Group, LLC, et al. | 516484/2018 | Kings |