**UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK**

MUSTAFA FTEJA, on behalf of himself, FLSA collective plaintiffs, and the class,

Plaintiffs,

–against–

NUSRET NEW YORK LLC d/b/a Nusr-Et Steakhouse and NUSRET GÖKÇE,

Defendants.

19-CV-429

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and between Defendants Nusret New York LLC (the "Restaurant") and Nusret Gökçe ("Chef Nusret") (the Restaurant and Chef Nusret are collectively referred to herein as "Defendants"), and Plaintiff Mustafa Fteja ("Plaintiff"), individually and on behalf of a putative class he proposes to represent (Plaintiff and Defendants are collectively referred to herein as "Parties"), and is conditioned upon court approval.

### Recitals and Background

**Whereas,** on January 15, 2019, the Plaintiff commenced a civil action by filing a class and FLSA collective action complaint against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law ("NYLL") for alleged wage and hour violations;

**Whereas,** the Parties participated in full-day mediations on September 25, 2019 and October 11, 2019, with Mediator Noel P. Tripp, Esq. of Jackson Lewis, P.C.;

**Whereas,** the purpose of this Agreement is to settle fully and finally all claims asserted in the Litigation (defined below) against the subject Defendants, including but not limited to, all Released FLSA Claims, as defined below, and Released Rule 23 Class Claims, as defined below, between Plaintiff, the Class Members, and Defendants;

**Whereas,** without acknowledging, admitting, or conceding that class or collective certification is warranted, without further acknowledging, admitting, or conceding any liability, wrongdoing or damages whatsoever, Defendants agreed to settle the Litigation, on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing the Litigation; and

1

7865/10/7807547.v4

**Whereas,** Plaintiff's Counsel analyzed and evaluated the merits of the claims made against Defendants and the impact of this Agreement on Plaintiff and Class Members, including but not limited to exchanging document discovery, and based upon their analysis and evaluation of several factors, and recognizing the substantial risks of continued litigation, including but not limited to the possibility that the Litigation, if not settled now, might not result in any recovery whatsoever, might result in a recovery that is less favorable and that would not occur for several years, or the ability to collect on a judgment, Plaintiff's Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in the best interest of the Plaintiff and Class Members (defined below).

**Now, therefore,** in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Litigation on the following terms and conditions:

**I.    Definitions**

The defined terms set forth in this Agreement have the meanings ascribed to them below.

1.1    **Agreement.** "Agreement" shall mean this Settlement Agreement and Release.

1.2    **Authorized Claimant.** "Authorized Claimant" shall mean a Class Member who does not timely opt-out of the proposed settlement on or before the Bar Date and thus becomes entitled to receive an Individual Settlement Allocation (defined below).

1.3    **Bar Date.** "Bar Date" shall mean the date by which any Class Member who wishes to opt-out of the settlement or object to its terms must postmark and submit an Opt-out Statement, which date shall be thirty (30) days after the initial or subsequent mailing of Notice by the Settlement Administrator, but no later than sixty (60) days from the Preliminary Approval Order (defined below).

1.4    **Check Void Date.** The Check Void Date shall be the one (1) year anniversary from the issuance of the Settlement Check by the Settlement Administrator. The date of issuance shall be deemed to be the date printed on the settlement checks. Any checks that are re-mailed by the Settlement Administrator (defined below) shall have the same Check Void Date as the originally mailed checks, and in no event will re-issuance of a Settlement Check, if any, extend the original Check Void Date of any Settlement Check.

1.5    **Class Counsel or Plaintiff's Counsel.** "Class Counsel" or "Plaintiff's Counsel" means C.K. Lee, Esq., Lee Litigation Group, PLLC, 148 West 24th Street, 8th Floor, New York, New York 10011-1952.

1.6    **Class Members.** "Class Members" shall mean the named Plaintiff and all hourly front-of-house tipped employees employed by the Restaurant from October 1, 2017 to October 31, 2019, inclusive. Class Members are treated as a class for the purposes of

2

settlement only, subject to mutual execution and delivery of this Agreement by the Parties and court approval; provided however, that to the extent any prospective Class Member had entered into a Mutual Agreement to Arbitrate Claims with any Defendant ("Arbitration Agreement"), such individual shall not be a Class Member (and shall not waive any claims whatsoever hereunder) unless he or she agrees to waive his or her Arbitration Agreement with respect to wage and hour claims settled herein by endorsing, cashing or depositing his or her Settlement Check, in which case such individual shall be a Class Member.

1.7   **Class List**. "Class List" shall mean a list in electronic form of Class Members, to be provided within fourteen (14) days of the entry of the Preliminary Approval Order, identified by: (i) name; (ii) last known address; (iii) last known email address, (iv) last known telephone number; (v) social security number (to be provided to the Settlement Administrator only); (vi) dates of hire and termination (if applicable), and (vii) employee ID number, if applicable, up to the date of filing of the Preliminary Approval Motion, as such data exists in the Restaurant's business records. The Class List shall be filed with the Court prior to final approval of the class settlement in a redacted form that identifies each Class Member solely by employee ID number.

1.8   **Court**. "Court" means the United States District Court for the Southern District of New York.

1.9   **Days**. "Days" means business days if the specified number is less than 5, and calendar days if the specified number is 5 or greater.

1.10   **Defendants' Counsel**. "Defendants' Counsel" means Meister Seelig & Fein LLP.

1.11   **Employer Payroll Taxes**. Employer Payroll Taxes shall mean all taxes an employer is required to pay and make in the normal course of business arising out of, or based upon the payment of employee compensation, including FICA, FUTA and SUTA obligations.

1.12   **Fairness Hearing**. "Fairness Hearing" means the hearing before the Court on the motion for final approval of the Settlement.

1.13   **Final Approval Order**. "Final Approval Order" means the Order entered by the Court after the Fairness Hearing, if any, approving the terms and conditions of this Agreement and dismissing the Litigation with prejudice.

1.14   **Final Effective Date**. "Final Effective Date" shall mean thirty-one (31) days after (1) the Gross Settlement Fund has been fully funded by Defendants as provided in Section 3.1 of this Agreement; (2) the Court has entered the Final Approval Order as provided in subsection 2.12 of this Agreement; and (3) the time to appeal from the Final Approval Order has expired and no notice of appeal has been filed or, if a notice of appeal is filed, the latest of the following, if applicable, has occurred: (a) any appeal from the Final Approval Order has been finally dismissed; (b) the Final Approval Order has been affirmed on appeal in a form substantially identical to the form of the Final Approval Order entered by the Court; (c) the time to petition for review with respect to any appellate decision

3

affirming the Final Approval Order has expired; and (d) if a petition for review of an appellate decision is filed, the petition has been denied or dismissed or, if granted, has resulted in affirmance of the Final Approval Order in a form substantially identical to the form of the Final Approval Order entered by the Court.

      1.15    **Individual Settlement Allocation**. "Individual Settlement Allocation" shall mean the amount payable to each Authorized Claimant pursuant to section 3.5 of this Agreement.

      1.16    **Litigation**. "Litigation" shall mean the captioned action pending in the United States District Court for the Southern District of New York under the docket number, 19-cv-429.

      1.17    **Named Plaintiff**. "Named Plaintiff" shall mean Mustafa Fteja.

      1.18    **Released Rule 23 Class Claims**. "Released Rule 23 Class Claims" shall mean all wage and hour claims that have been or could have been asserted under New York state law or other analogous state or local law, rule or regulation, by or on behalf of the Named Plaintiff or Class Members against the Released Parties, excluding Class Members who opt-out of the settlement or who are otherwise subject to and do not waive an Arbitration Agreement by deposit of their respective Individual Settlement Allocation, for the time from October 1, 2017 to October 31, 2019, including but not limited to all such claims under the New York State Labor Law, the Hospitality Industry Wage Order, and other similar laws and/or wage orders or regulations, and its ancillary regulations. "Released Rule 23 Class Claims" include, but are not limited to, all claims for unpaid minimum wage or overtime wages, tip credit claims, tip misappropriation and/or tip pooling claims, Wage Theft Prevention Act Penalties, call-in pay, uniform maintenance pay, spread of hours and any other related wage and hour claims, damages, interest on such claims, penalties and liquidated damages on such claims, and attorneys' fees, expenses, and costs related to such claims. The Parties expressly acknowledge that the Released Rule 23 Class Claims are intended to include and do include without limitation all such claims which Class Members, excluding Class Members who opt-out of the settlement, do not know or suspect to exist in their favor against the Released Parties relating to the Released Rule 23 Class Claims and that this Agreement expressly contemplates the extinguishment of any and all such claims.

      1.19    **Released FLSA Claims**. "Released FLSA Claims" shall mean all wage and hour claims that have been or could have been asserted under federal law by or on behalf of the Named Plaintiff or Class Members against the Released Parties for work performed at the Restaurant for the time from October 1, 2017 to October 31, 2019, including but not limited to all such claims under the Fair Labor Standards Act. "Released FLSA Claims" include, but are not limited to, all claims for unpaid minimum wage or overtime wages, tip credit claims, tip misappropriation and/or tip pooling claims, and any other related wage and hour claims, damages, interest on such claims, penalties and liquidated damages on such claims, and attorneys' fees, expenses, and costs related to such claims. The Parties expressly acknowledge that the Released FLSA Claims are intended to include and do include without limitation all such claims which the named Plaintiff and

4

Class Members do not know or suspect to exist in their favor against the Released Parties relating to the Released FLSA Claims and that this Agreement expressly contemplates the extinguishment of any such claims, so long as such Class Member validly opts into this lawsuit by endorsing, cashing or depositing their settlement check, which shall include the endorsement language set forth in section 4.1.

1.20 **Released Parties**. "Released Parties" shall mean Defendants and their respective affiliates, subsidiaries (including but not limited to any grandchild entities, great grandchild entities, and so on), parents (including but not limited to any grandparent entities, great grandparent entities, and so on), sister entities, divisions, shareholders, members, predecessors, successors, and assigns and other related entities, and each of its or their past and present officers, directors, trustees, fiduciaries, insurers, owners, equity holders, investors, attorneys, administrators, employees, managers, contractors, agents, representatives, shareholders, members, joint employers, predecessors, successors, and assigns, in their individual and official capacities, and all persons or entities acting by, through, under or in concert with any of them.

1.21 **Gross Settlement Fund**. "Gross Settlement Fund" shall have the meaning ascribed to it in section 3.1 of this Agreement.

1.22 **Class Representative**. "Class Representative" shall mean Named Plaintiff Mustafa Fteja.

1.23 **Notice or Notices**. "Notice" or "Notices" shall mean the Court-approved Notice of Proposed Settlement of Class Action and Collective Action Lawsuit to be sent to Class Members, including but not limited to notice of an opportunity to opt-out and/or object to the proposed Settlement, attached hereto as Exhibit A.

1.24 **Notice of Final Approval**. "Notice of Final Approval" shall mean the Notice of Final Approval of Settlement of Class Action and Collective Action Lawsuit to be sent to all Authorized Claimants and the form of which shall be agreed upon by the Parties and approved by the Court.

1.25 **Objector**. "Objector" shall mean an individual who properly files an objection to this Agreement, in accordance with the terms and conditions set forth herein and applicable law, and does not include any individual who opts-out of this Agreement.

1.26 **Opt-out Statement**. "Opt-out Statement" is a written, dated, and signed statement, which satisfies all of the requirements set forth in section 2.10, that an individual Class Member has decided to opt-out and not be bound by this Agreement.

1.27 **Preliminary Approval Motion**. "Preliminary Approval Motion" shall mean the Motion to be filed by Plaintiff which shall seek (1) preliminary approval by the Court of this Agreement for purposes of resolving this matter according to the terms of the Agreement; (2) conditional certification of a Rule 23 class and FLSA collective action consisting of Class Members as defined in section 1.6, for purposes of settlement only; (3) appointment of Lee Litigation Group, PLLC as class counsel for the settlement class; (4) the setting of a date for individuals to opt-out from or object to this Agreement, which date

5

will be the same as the Bar Date defined above; and (5) the setting of a date for a Fairness Hearing for final approval of the settlement before the Court at the earliest practicable date following the Bar Date, but no earlier than one hundred (100) days following the entry of the Preliminary Approval Order.

    1.28    **Preliminary Approval Order.** "Preliminary Approval Order" shall mean the Order entered by the Court (1) preliminarily approving the terms and conditions of this Agreement; (2) appointing class counsel for purposes of settlement; (3) conditionally certifying a class and collective action for purposes of settlement; and (4) directing the manner and timing of providing Notices to the Class Members.

    1.29    **Reserve Fund.** "Reserve Fund" shall mean the $10,000.00 set aside from the Gross Settlement Fund to cover any unforeseen costs and expenses relating to the class settlement, and any errors or omissions in the calculation of Class Members' individual shares of the settlement, including but not limited to (i) claims for individuals claiming to be Class Members but not identified as such by Defendants; and (ii) any errors regarding Class Members' dates of employment. After the Final Effective Date and prior to the distribution of the Settlement Checks as described in section 2.13, the amount, if any, remaining in the Reserve Fund will be reallocated to the Authorized Claimants who did not timely opt-out, and it will be included in their Individual Settlement Allocation and Settlement Checks.

    1.30    **Settlement Administrator.** "Settlement Administrator" means Rust Consulting, a third-party settlement administrator, whose responsibilities are described in subsection 2.3, the payment of whom—which shall be unaffected by Defendants' failure to pay the Gross Settlement Fund in full—is set forth in section 3.4. As set forth in section 3.4, Defendants shall not contest in court the amount of the payment to the Settlement Administrator.

    1.31    **Settlement Checks.** "Settlement Checks" shall mean checks issued to Authorized Claimants for their share of the Gross Settlement Fund calculated in accordance with this Agreement.

## II.    Initial Procedural Issues

    2.1    **Binding Agreement.** This Agreement is a binding agreement and contains all material agreed-upon terms.

    2.2    **[Reserved]**

    2.3    **Responsibilities of Settlement Administrator.** The Settlement Administrator shall serve as trustee of the Gross Settlement Fund and shall act as fiduciary with respect to the handling, management and distribution of the Gross Settlement Fund. The Settlement Administrator shall be responsible for:

        (1) preparing, printing and disseminating to Class Members the Class Notice, Reminder Notice, as defined below at section 2.14, and any other notices required by the court or by law by email and first class mail;

7865/10/7807547.v4

(2) promptly and simultaneously copying counsel for all Parties on material correspondence and promptly and simultaneously notifying all counsel for the Parties of any material requests or communications made by any of the Parties or any Class Members;

(3) promptly and simultaneously furnishing to counsel for the Parties copies of any requests for exclusion, objections or other written or electronic communications from or on behalf of Class Members which the Settlement Administrator receives;

(4) receiving and reviewing the Opt-out Statements submitted by or on behalf of Class Members;

(5) keeping track of objections and requests for exclusion or other written or electronic communications from or on behalf of Class Members, including but not limited to maintaining the original mailing envelope in which the request or objection was mailed;

(6) calculating and remitting the Employer Payroll Taxes, including without limitation any federal and state unemployment tax due that is traditionally borne by employers, required pursuant to the settlement to the appropriate tax authorities. The Settlement Administrator shall provide written notice of this amount and substantiation of the calculation of this amount at least fourteen (14) days before the date by which the Settlement Administrator must remit such amount to taxing authorities for the Employer Payroll Taxes ("Tax Due Date"). Defendants shall transfer this amount, in addition to and outside of the Gross Settlement Fund, within seven (7) business days after such written notice and substantiation. Defendants shall not be responsible in any other manner for handling or payment of Employer Payroll Taxes with respect to payments to Class Members or for administration or other tax liabilities of the Settlement Fund or payment made therefrom. The Settlement Administrator shall remit the amount of the Employer Payroll Taxes on or before each taxing authority's required due date for the same;

(7) calculating, processing the withholding for and paying to appropriate tax authorities on a timely basis the Named Plaintiff's and Class Members' employee-side payroll taxes and tax withholdings associated with the receipt of those portions of Settlement Checks which are to be treated as wages pursuant to this Agreement, as and where applicable. The deposited Settlement Checks shall be allocated 40% to wage income, to be reflected on an IRS Tax Form W-2, and 60% to non-wage income (liquidated damages, statutory penalties), to be reflected on an IRS Tax Form 1099.

(8) calculating Individual Settlement Allocations pursuant to the formula set forth in section 3.5;

7

(9) mailing the Settlement Checks to Authorized Claimants and a Settlement Check and Service Award to Named Plaintiff;

(10) providing weekly reports, including a final report within three (3) calendar days of the Bar Date, detailing the results of the class mailings, opt-outs and objections, if any, to Defendants' counsel;

(11) reporting all payments made from the Gross Settlement Fund to the appropriate taxation authorities and to the recipients thereof; and

(12) effectuating any notices required by the Class Action Fairness Act, including ascertaining current address and addressee information for each Notice returned as undeliverable and remailing each such Notice to the correct address. The Settlement Administrator shall satisfy all federal, state, local, and other tax reporting requirements for the Settlement Fund in compliance with the requirements of Section 468B of the Internal Revenue Code, 26 U.S.C. §468B, Treasury Regulations thereunder, and any other applicable tax laws, rules or regulations (the "Code"), and shall pay, from the Settlement Fund, any and all taxes, penalties and other obligations with respect to income earned on any payments or distributions from the Settlement Fund not otherwise addressed herein.

2.4 **Access to the Settlement Administrator.** The Parties will have equal access to the Settlement Administrator throughout the claims administration period. Plaintiff's Counsel and Defendants' Counsel agree to provide the Settlement Administrator with all accurate information available and necessary to reasonably assist the Settlement Administrator in performing its duties.

2.5 **Expenses for Tax Compliance.** All (i) taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned, if any, by the Gross Settlement Fund or otherwise and (ii) expenses and costs incurred in connection with the operation and implementation of this section 2.5, shall be paid out of the Gross Settlement Fund at the direction of the Settlement Administrator. Such taxes and expenses shall be treated as a cost of the administration of the Gross Settlement Fund. Defendants shall not be liable for such taxes or expenses.

2.6 **[Reserved]**

2.7 **Preliminary Approval Motion.** On or before such date as set by the Court, Plaintiff shall file the Preliminary Approval Motion in a form agreed upon by the Parties. Plaintiff's Counsel shall give Defendants' Counsel a reasonable opportunity to review the draft Preliminary Approval Motion prior to filing.

2.8 If the Court denies the Preliminary Approval Motion, the parties shall in good faith mutually work cooperatively to provide a supplement or amendment to the Court in due haste. If, despite good faith negotiations, the parties are unable to reach an accord on new/revised terms to the Agreement, the Parties may continue to litigate the action as though this Agreement had never been executed, and the Defendants retain the right to

contest whether this case should be certified as a class or collective action, to contest the merits of the claims being asserted against them in the Litigation, and to assert their defenses. Plaintiff likewise retains the right to seek certification of a class and collective action. Further, no party may use the Parties' agreement to settle the case as evidence of Defendants' liability or the lack thereof. Lastly, if the Preliminary Approval Motion is not approved and/or parties cannot reach new/revised terms to the Agreement, Defendants shall have no obligation to make any payments to any party, Class Member, Authorized Claimant, Class Counsel, Settlement Administrator or otherwise, and the Settlement Administrator shall promptly return the Gross Settlement Fund to Defendants.

2.9 **Notice**. The Notice, a copy of which is attached hereto as Exhibit A, will inform Class Members about this Settlement and will also advise them of the opportunity to object to or opt-out of the settlement or to appear at the Fairness Hearing. Within thirty (30) days of the entry of the Preliminary Approval Order by the Court, the Settlement Administrator shall send the Notice to the Class Members by (1) email, and (2) First Class United States Mail. The Settlement Administrator shall take all reasonable steps to obtain the correct address of any Class Members for whom a Notice is returned by the post office as undeliverable and shall attempt a re-mailing to any Class Members for whom it obtains a more recent address. The Settlement Administrator shall also email and/or mail a Notice to any Class Members who contact the Settlement Administrator during the time period between the initial mailing of the Class Notice and the Bar Date and who request that their Notices be re-mailed. The Settlement Administrator shall notify Class Counsel and Defendants' Counsel of any Notice sent to a Class Member that is returned as undeliverable after the first mailing or after any subsequent mailing(s), as set forth in this Agreement.

**The Parties agree that the Notice constitutes adequate notice under the circumstances and constitutes due and sufficient notice of the pendency of the Litigation, the proposed Settlement, and the Fairness Hearing to all persons entitled to notice, in full compliance with due process. As such, Named Plaintiff shall not directly or indirectly initiate contact, or encourage or instruct others to initiate contact, with the Class Members from the date of execution of this Agreement through the date of the Final Approval Order. Named Plaintiff acknowledges that this provision is a material term of this Agreement and that the Defendants would not have entered into this Agreement without Named Plaintiff's agreement to this provision.**

2.10 **Class Member Opt-outs**. Class Members who choose to opt-out of the settlement as set forth in this Agreement must mail, via First Class United States Mail, a written, signed statement to the Settlement Administrator that states he or she is opting out of the settlement, and include his or her name, address, and telephone numbers and statement indicating his or her intention to opt-out such as: "I opt out of the Nusr-Et Steakhouse wage and hour settlement". To be effective, an Opt-out Statement must be sent or post-marked by the Bar Date. Class Members may not opt-out of the settlement after the Bar Date.

Within three (3) days of the Bar Date, Class Counsel will file with the Clerk of Court, copies of any Opt-out Statements and Class Counsel and the Settlement Administrator shall send a final list of all Opt-out Statements to Defendants' Counsel.

Any Class Member who timely submits an Opt-out Statement will not be considered an Authorized Claimant and will not receive any Settlement Check.

Any Class Member who does not timely submit an Opt-out Statement pursuant to this Agreement and who is not a party to an arbitration agreement with Defendants or who has waived such agreement with respect to wage and hour claims will be deemed to have (i) accepted the Settlement and the terms of this Agreement, (ii) be bound by the within Agreement and settlement in this case, and (iii) have any Released Rule 23 Class Claims released with prejudice. Class Members who endorse, cash or deposit their Settlement Check(s) will also release their Released FLSA Claims with prejudice.

If fifteen percent (15%) or more of the Class Members submit timely Opt-out Statements, then Defendants may choose to void this Agreement, in their sole discretion, and proceed with the Litigation. If Defendants choose to void this Agreement pursuant to this Section, then the Litigation will proceed as if no settlement had been attempted and the Parties will return to their respective positions and retain their rights and obligations as if no settlement had been attempted. In that event, the class certified for purposes of settlement shall be decertified, and Defendants may contest whether this Litigation should be maintained as a class action or collective action and contest the merits of the claims being asserted by Plaintiff in this action. Neither this Agreement nor any ancillary documents, actions, statements or filings in furtherance of settlement shall be admissible or offered into evidence in the Litigation or any other action for any purpose whatsoever. The Settlement Administrator will return the Gross Settlement Fund to Defendants within two (2) days of being notified that this Agreement has been voided pursuant to this section. If Defendants elect to revoke this Agreement pursuant to this section any expenses incurred by the Settlement Administrator prior to or in connection with such revocation shall be borne by the Parties equally.

2.11 **Objections to Settlement**. Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must first do so in writing. To be considered, such statement must be mailed to the Settlement Administrator via First-Class United States Mail post-marked on or before the Bar Date. The statement must include all reasons for the objection, and any supporting documentation. Each such statement must also include the name, address, and telephone numbers for the Class Member making the objection. The Settlement Administrator will stamp the date received on the original and send copies of each objection, supporting documents, as well as a copy of the Notice mailed to the individual who submits an objection to the settlement pursuant to this section ("Objector"), to Class Counsel and Defendants' Counsel by email delivery no later than three (3) days after receipt of the objection. The Settlement Administrator shall provide the Parties with the date-stamped originals of any and all objections no later than twenty (20) days prior to the Fairness Hearing.

An Objector also has the right to appear at the Fairness Hearing either in person or through counsel hired by the Objector. An Objector who wishes to appear at the Fairness Hearing must first state his or her intention to so appear in his or her written objection submitted on or before the Bar Date. An Objector may withdraw his or her objections at any time.

The Parties may file with the Court written responses to any filed objections no later than three (3) days before the Fairness Hearing.

2.12 **Fairness Hearing and Joint Motion for Final Approval and Dismissal.** After the Bar Date, in accordance with the schedule determined by the Court in the Preliminary Approval Order and in advance of the Fairness Hearing, the Parties shall file supporting documents for final approval of the settlement. The application for final approval may contain a report from the Settlement Administrator, an application for attorneys' fees, costs and expenses and supporting declaration/affidavits and documents from Class Counsel regarding the fairness, adequacy and reasonableness of the settlement or any aspect related to this Agreement. The application shall also include a proposed Final Approval Order. Defendants' Counsel will be given no less than seven (7) days to provide approval of the terms, form, and content of all documents to be filed, including the proposed joint motion for final approval, supporting documentation, and Final Approval Order, before they are filed with the Court.

At the Fairness Hearing on the motion for final approval and dismissal, the Parties will request that the Court, among other things: (1) approve the settlement and Agreement as fair, reasonable, adequate, and binding on all Class Members who have not timely opted out of the settlement; (2) order the Settlement Administrator to distribute Settlement Checks to Authorized Claimants, including the Service Award, if any, to be paid to the Named Plaintiff as described in this Agreement; (3) approve the payment of attorneys' fees and costs to Class Counsel; (4) approve the payment of fees to the Settlement Administrator; (5) order the dismissal with prejudice of all Released Rule 23 Class Claims of all Class Members who did not timely opt-out; (6) order the dismissal with prejudice of all Released FLSA Claims for Class Members who endorse, cash or deposit their Settlement Checks; (7) order entry of Final Approval Order in accordance with this Agreement; and (8) retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

2.13 **Mailing of Settlement Checks.** Within five (5) days after the Final Effective Date, the Settlement Administrator shall distribute the Gross Settlement Fund, including Settlement Checks to Authorized Claimants and all other amounts to effectuate the terms of this Settlement Agreement. No claim forms from Class Members shall be required to receive their Settlement Check.

2.14 **Reminder Notice.** Class Members who do not cash or deposit their Settlement Checks within ninety (90) calendar days of the mailing of the Settlement Checks will be sent a reminder notice by email and mail by the Settlement Administrator (the "Reminder Notice").

2.15 **Effect of Failure to Grant Final Approval.** In the event the Court fails to enter the Final Approval Order in accordance with this Agreement, or such Final Approval Order does not become effective as defined herein, or the Court issues an order finally approving the Agreement in a form materially different from this Agreement, the Parties jointly agree to (a) seek reconsideration or appellate review of the decision denying the

11

7865/10/7807547.v4

motion for final approval of the Settlement, or (b) attempt to renegotiate a mutually agreeable settlement to address the issues raised by the Court and seek Court approval of the renegotiated settlement. In the event any reconsideration is denied, the Parties cannot reach a mutually agreeable settlement, or a mutually agreed upon settlement is not approved, the Parties shall have no further rights or obligations under this Agreement and the Litigation will proceed as if no settlement had been attempted, and the class and collective action certification stipulated to herein shall be void *ab initio*. In such event, the parties will equally share the cost of notifying class members that there is no longer a settlement.

If the Parties do not jointly agree to seek reconsideration or appellate review of the decision denying entry of the Final Approval Order and/or a mutually agreeable settlement agreement cannot be reached by the parties, the Gross Settlement Fund shall be returned to Defendants' Counsel within five (5) days of written notice to the Settlement Administrator of a court order denying final approval of the Settlement.

If the Parties jointly agree to seek reconsideration and/or appellate review of the decision denying entry of judgment and reconsideration and/or appellate review is denied, the Gross Settlement Fund shall be returned to Defendants' Counsel within five (5) days of written notice to the Settlement Administrator of a court order denying reconsideration and/or appellate review.

If the Court does not grant final approval, the case will proceed as if no settlement has been attempted. The Parties will return to their respective positions and retain their rights and obligations as if no settlement had been attempted. In that event, the class certified for purposes of settlement shall be decertified, and Defendants may contest whether this Litigation should be maintained as a class action or collective action and contest the merits of the claims being asserted by Plaintiff in this Litigation. Neither this Agreement nor any ancillary documents, actions, statements or filings in furtherance of settlement shall be admissible or offered into evidence in the Litigation or any other action for any purpose whatsoever. Plaintiff likewise retains the right to seek certification of a class action. Further, in the event the Settlement is not approved, no party may use the fact that the Parties agreed to settle the case as evidence of Defendants' liability or the lack thereof.

The Parties shall advise the Court of the termination of the Settlement and shall apply to the Court to have a single approved notice mailed to Class Members advising them of the termination of the Settlement. If approved by the Court, then the Settlement Administrator shall provide notice of termination of the Settlement to Class Members that the Agreement did not receive final approval and that, as a result, no payments will be made to Authorized Claimants under the Agreement. Such notice shall be mailed by the Settlement Administrator via First Class United States Mail.

### III. Settlement Terms

3.1 **Settlement Amount**. Defendants agree to fund a "Gross Settlement Fund" in an amount not to exceed $300,000.00, which shall be the maximum to be paid by

Defendants to fully resolve and satisfy any claims for (i) attorneys' fees, expenses and costs approved by the Court, (ii) all amounts to be paid to all Authorized Claimants for releasing claims as set forth herein, (iii) any Court-approved Service Award, and (iv) Administration Fees (defined below), in accordance with section 3.4. Defendants represent there are no more than two hundred Class Members. Notwithstanding the foregoing, if the Class Members exceed two hundred persons, Defendants shall increase the Gross Settlement Fund proportionate to the excess of Class Members, per capita.

Plaintiff acknowledges that Defendants have fully funded the Gross Settlement Fund into the escrow account of the Settlement Administrator not later than February 25, 2020. Any failure to timely fund the Gross Settlement Amount, and failure to cure same within ten (10) days written notice, shall subject the Defendants to interest penalty of three percent (3%), compounded monthly, on any outstanding balance.

The Settlement Administrator shall return to Defendants all funds in the escrow account within five (5) days of either: (a) the Court fails to grant preliminary approval of the settlement, (b) the Court fails to grant final approval of the settlement, or (c) the Parties advise the Court of the termination of the Settlement consistent with the terms of this Agreement.

Payments to Authorized Claimants shall be automatic and shall not require submission of any claim forms. Authorized Claimants must cash or deposit their Settlement Checks on or before the Check Void Date, and will be so informed in the Notice and on the Settlement Checks.

Any uncashed or undeposited Settlement Checks or Service Award after the Check Void Date, after payment of any unforeseen expenses, costs, fees, or liability for the class settlement, shall be cancelled. Such remaining funds, as well as any settlement allocations attributed to Class Members who opt-out of the settlement, shall be applied to a *cy pres* charitable donation as determined by Plaintiffs' Counsel and Defendants, and shall be donated to a school or other organization devoted to the care of mentally disabled individuals on behalf of Class Members and Defendants jointly.

3.2   **Settlement Amounts Payable as Attorneys' Fees, Expenses and Costs**. At the Fairness Hearing and in connection with the submission of the motion for final approval, Class Counsel will petition the Court for an award of attorneys' fees, costs and expenses ("Attorneys' Fee Award") of 1/3 of the Gross Settlement Amount (*i.e.*, $100,000) plus additional costs and expenses to be paid out of the Gross Settlement Fund up to $5,000. Defendants will not oppose this application, including any appeal or request for reconsideration if the application is denied or modified by the Court. After payment of the approved Attorneys' Fees Award, Defendants shall have no additional liability for Class Counsel's attorneys' fees, expenses and costs.

The substance of Class Counsel's application for attorneys' fees, expenses and costs is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation. The outcome of any proceeding related to Class Counsel's application for attorneys' fees, expenses and

13

costs shall not terminate this Agreement or otherwise affect the Court's ruling on the motion for final approval.

Any reduction in the Attorneys' Fees Award shall automatically be applied to the Net Settlement Amount (defined below) to be distributed to Class Members.

3.3     **Named Plaintiff's Service Award**. In return for services rendered to the Class Members and as consideration for execution of a General Release of Claims, at the Fairness Hearing, the Named Plaintiff will apply to the Court to receive a service award separate and apart from his Individual Settlement Allocation in the amount of $15,000 ("Service Award"). Defendants will not oppose this application, including any appeal or request for reconsideration if the application is denied or modified by the Court, provided that Named Plaintiff will not receive a Service Award unless he executes a General Release of Claims.

The application for the Service Awards is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation. The outcome of the Court's ruling on the application for the Service Award will not terminate this Agreement or otherwise affect the Court's ruling on the motion for final approval. The amount of the Service Award shall be determined by the final order of the court on Plaintiff's Counsel's application for the same.

Any reduction in the Service Award shall automatically be applied to the Net Settlement Amount to be allocated to Class Members.

3.4     **Administration Fees**. In return for services rendered to the Class Members, the Settlement Administrator will be paid administration fees of, at most, $15,000, which fees shall be paid from the Gross Settlement Amount. $7,500 of the Administration Fees will be paid upon preliminary approval of the settlement, and the remainder will be paid upon the Final Effective Date. The administration fees set forth herein shall be paid to the Settlement Administrator, subject to the payment schedule provided in this Agreement, even if the Gross Settlement Fund is not paid in full.

The application for administration fees is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation. The outcome of the Court's ruling on the application for administration fees will not terminate this Agreement or otherwise affect the Court's ruling on the motion for final approval. Defendants shall not contest the application for the Settlement Administrator's fees consistent with the terms of this Agreement.

3.5     **Net Settlement Amount and Allocation to Class Members**. After deduction of any court-approved Service Award, Attorneys' Fee Award, administration fees, and the Reserve Fund from the Gross Settlement Fund (the "Net Settlement Amount"), Individual Settlement Allocations will be computed based on the number of weeks worked by Class Members during the Class Period, as reflected in the Restaurant's records. The Settlement Allocations shall be made in accordance with the dates of employment as set forth in the confidential Class List provided by Defendants' Counsel.

14

7865/10/7807547.v4

A Class Member's Individual Settlement Allocation will be calculated by the Settlement Administrator pursuant to the following formula:

(a) Each individual on the Class List shall be assigned one point for each week or partial week worked for Defendants between October 1, 2017 and October 31, 2019;

(b) Add all points for all on the Class List together to obtain the "Total Denominator";

(c) Divide the number of points assigned to all individual's on the Class List above in section 3.5(a) by the Total Denominator (the "Class Member's Share")

(d) Multiply the Class Member's Share by the Net Settlement Amount.

Amounts allocated to those on the Class List who file a timely Opt-out Statement shall be applied to the *cy pres* donation.

3.6 **Tax Characterization**. Defendants shall arrange for payment outside of the Gross Settlement Fund for any Employer Payroll Taxes, to be calculated by the Settlement Administrator, delivered to the Settlement Administrator and remitted by the Settlement Administrator consistent with Paragraph 2.3(6) herein. Defendants will provide the Settlement Administrator such information as is reasonably necessary for the Settlement Administrator to make proper employee tax withholdings, to issue and file tax-related forms, and to comply with all tax reporting obligations.

The Authorized Claimants who deposit a Settlement Check shall be solely responsible for payment of any and all federal, state and local taxes due on any amounts payable under the Agreement, except for Defendants' statutory obligation to pay Employer Payroll Taxes.

Each Individual Settlement Allocation will be allocated as follows for tax purposes: (i) half back-wages income in consideration for time worked and/or wage income, which shall be subject to all applicable employment taxes, including, without limitation, federal, state and local income tax withholding and the employee share of the FICA tax, and shall be reported to the Internal Revenue Service ("IRS") on an IRS Form W-2, and (ii) half non-wages income in consideration for liquidated damages, penalties, and interest, which shall be made without any tax withholdings and shall be reflected on IRS Form 1099, which forms (W-2 and 1099) shall be issued to each Authorized Claimant who deposits a Settlement Check.

Any Service Award will be made to Named Plaintiff pursuant to an IRS Form W-2, and shall be subject to withholdings and considered wage income.

Class Counsel's Attorneys' Fee Award shall be reflected on an IRS Form 1099.

All payments to Class Members made pursuant to this Agreement shall be deemed to be paid to such Class Members solely in the tax year in which such payments actually are received by the Class Member. The receipt of such payments will not entitle any Class

15

7865/10/7807547.v4

Member to additional compensation or benefits under any company bonus, contest, or other compensation or benefit plan or agreement in place, nor will it entitle any Class Member to any increased retirement, 401(k) benefits or deferred compensation benefits. Class Members are not entitled to any new or additional compensation or benefits as a result of receiving payments under this Agreement (notwithstanding any contrary language or agreement in any benefit or compensation plan document that might have been in effect during the period covered by this settlement), including without limitation, any paid time off. If any Class Member currently is eligible for any 401(k) plan sponsored by any Defendant, that Class Member shall be deemed to have elected not to contribute to the 401(k) plan, and to have waived any automatic contribution to such plan, with respect to any payment received under this Agreement.

## IV.  Release

4.1  **Release of Claims**. By operation of the entry of the Final Approval Order, and except as to such rights or claims as may be created by this Agreement, each individual Authorized Claimant forever and fully releases the Released Parties from the Released Rule 23 Class Claims.

By operation of the entry of the Final Approval Order, and except as to such rights or claims as may be created by this Agreement, each individual Authorized Claimant who endorses, cashes or deposits his or her Settlement Check waives any arbitration agreement with respect to his or her wage and hour claims and forever and fully releases the Released Parties from all Released FLSA Claims.

The back of all checks issued to any Authorized Claimant shall bear the following endorsement:

**FINAL RELEASE OF CLAIMS**:

By endorsing this check, I agree that in connection with the class action lawsuit styled *Fteja v. Nusret New York LLC et al.*, S.D.N.Y. (19-cv-429), I hereby (i) waive any prior agreement to arbitrate the underlying wage and hour claims or not participate in class or collective settlements of such claims, and (ii) release Defendants from all wage and hour claims under the Fair Labor Standards Act, the New York Labor Law, and/or any other applicable wage and hour law, rule or regulation brought or which could have been brought in the referenced lawsuit.



Signature                                Date

Any modification or amendment of the above-language by the Class Member, at Defendants' sole discretion, may not be accepted, and may void the Settlement Check. The Settlement Administrator shall provide Defendants signed copies of each Settlement Check after they have been cashed or deposited.

7865/10/7807547.v4

Because certain Class Members may be party to an Arbitration Agreement (which includes a class waiver) with Defendants, each Class Member who endorses, cashes or deposits his or her Settlement Check waives arbitration of his or her wage and hour claims released thereby. If an Authorized Claimant subject to an arbitration agreement fails to endorse or cash a check, such person will release no claims whatsoever against Defendants, and will not be part of the class Settlement. Effective upon the Final Effective Date of this Agreement, Defendants will be deemed to have waived the Arbitration Agreements with respect to wage and hour claims of Authorized Claimants who endorse, cash or deposit their Settlement Check, and who have otherwise waived any such Arbitration Agreement.

Except as provided in this Agreement, upon payment of the Attorneys' Fees Award approved by the Court, Class Counsel and Plaintiff, on behalf of the Class Members, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that the Class Members may have against Released Parties for attorneys' fees or costs associated with Class Counsel's representation of the Class Members. Class Counsel further understands and agrees that any Attorneys' Fee Award approved by the Court will be the full, final and complete payment of all attorneys' fees, expenses and costs associated with Class Counsel's representation in the Litigation.

Subject to applicable law, the Parties agree that it is their intent that the resolution set forth in this Agreement will release any further attempt, by lawsuit, administrative claim or action, arbitration, demand, or other action of any kind by each and all Authorized Claimants including but not limited to participation to any extent in any class or collective action, to obtain a recovery against the Released Parties based on each and all Released FLSA Claims and Released Rule 23 Class Claims, including but not limited to the allegations in the Litigation.

Except as provided in this Agreement and subject to applicable law, Authorized Claimants agree that, with respect to the Released FLSA Claims and Released Rule 23 Class Claims, they will not affirmatively join, opt in to, or participate as a party plaintiff in any claim under the FLSA or state or local wage and hour law against the Released Parties, and that they will elect to opt out of any action under state or local wage and hour law against the Released Parties of which they are involuntarily made members or participants either at the time they receive notice of the right to opt out or such time as this release is brought to their attention. Moreover, Authorized Claimants agree that they may not reinstate the Litigation.

4.2   **Denial of Liability.** Defendants have agreed to the terms of this Agreement without in any way acknowledging any fault, wrongdoing or liability, and with the understanding that terms have been reached because this Settlement will avoid the further expense and disruption of Defendants' business due to the pendency and expense of litigation. Nothing in this Agreement shall be deemed or used as an admission of liability or wrongdoing by Defendants, nor as an admission that a class or collective action class should be certified for any purpose other than for settlement purposes.

## V.   Interpretation and Enforcement

7865/10/7807547.v4

5.1    **Cooperation Between the Parties; Further Acts.**  The Parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval of this Agreement and all its terms. Each party, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

5.2    **No Assignment.** Class Counsel and Class Representative, on behalf of the individual Class Members, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

5.3    **Entire Agreement.**  This Agreement constitutes the entire agreement between the Parties regarding the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement, and are therefore null and void.

5.4    **Binding Effect.** This Agreement shall be binding upon the Parties and, with respect to Class Representative and all Class Members, their current, former and future spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, agents, attorneys and assigns.

5.5    **Arm's Length Transaction; Materiality of Terms.** The Parties have negotiated all the terms and conditions of this Agreement at arm's length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

5.6    **Representations**. As of the date of execution of this Agreement, the Named Plaintiffs and Class Counsel represent that they/it does not know of any non wage-and-hour claims currently threatened or unasserted against any of the Defendants, and/or any non wage-and-hour claims that may be forthcoming in the future against any of the Defendants, except for this Litigation.

5.7    **Captions**. The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

5.8    **Construction**. The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each Party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

5.9    **Severability**. If any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable, the remaining portions of this Agreement will remain in full force and effect, except for sections 1.18 and

18

7865/10/7807547.v4

1.19, which are material terms of this Agreement and shall not be severable from the remainder of the Agreement.

5.10 **Governing Law.** This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

5.11 **Mediation.** The Parties agree that Noel P. Tripp, Esq. shall retain jurisdiction over any conflicts arising from this Agreement as mediator.

5.12 **Waivers, etc., to Be in Writing.** No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

5.13 **When Agreement Becomes Effective; Counterparts.** This Agreement shall become effective upon its full mutual execution and delivery, and approval by the Court. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument.

5.14 **Signatures.** This Agreement is valid and binding if signed by the Parties' authorized representatives.

5.15 **Facsimile and Email Signatures.** Any party may execute this Agreement by signing, or causing its counsel to sign on the designated signature block below and transmitting that signature page via facsimile or email to counsel for the other party. Furthermore, an electronic signature shall have the same force and effect as an original penned in ink. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

DocuSign Envelope ID: 26704895-D0FC-42A4-8CAC-F6F84FD45544

## WE AGREE TO THESE TERMS:

**PLAINTIFFS**                              **DEFENDANTS**

On Behalf of FLSA Collective Plaintiffs      On Behalf of
and Class Members:                           NUSRET NEW YORK LLC d/b/a
                                             NUSR-ET STEAKHOUSE

By: _____                  By: _____
C.K. Lee                                     Print Name: Ufuk Soytürk
Lee Litigation Group, PLLC                   Title: Director of Finance
148 West 24th Street, Eighth Floor           Dated: 2/3, 2020
New York, New York 10011-1952

Dated: _____, 2020

_____
MUSTAFA FTEJA                                _____
1/27/2020                                    NUSRET GÖKÇE
Dated: _____, 2020                      Dated: _____, 2020